SAN MILLÁN, PETICIONARIO Y APELANTE, *v.* ASAMBLEA
MUNICIPAL DE ARECIBO, DEMANDADA Y APELADA.

APELACIÓN procedente de la Corte de Distrito de Arecibo en
un recurso de *certiorari.*

No. 3073.—Resuelto en julio 19, 1923.

*Certiorari* — PARTE PERJUDICADA POR ACUERDOS DE ASAMBLEAS MUNICIPALES —
CAUSA DE ACCIÓN.—En el presente caso el peticionario fué elegido para el
cargo de comisionado de servicio público, policía y prisiones, por un voto
de siete contra seis miembros de la asamblea municipal. Se descubrió luego
que uno de los asambleístas estaba incapacitado por razón de ciudadanía
para desempeñar el cargo. Subsiguientemente se reunió la asamblea y se
declaró nula la elección del peticionario y el cargo vacante, habiendo sido
elegida otra persona en su lugar. El peticionario sostuvo que él nunca fué
destituído legalmente y que continuó activamente en el desempeño de su
cargo. *Se resolvió:* que el peticionario es parte perjudicada con derecho,
como tal, a revisar por *certiorari,* al amparo del artículo 65 de la Ley Mu-
nicipal, el acuerdo de la asamblea que declaró nula su elección.

ID.—Habiendo la legislatura aprobado una ley especial de *certiorari* (artículo
65 de la Ley Municipal de 1919), una persona que es parte perjudicada
por un acuerdo de la asamblea municipal, debe acudir a dicha ley y no a
los principios generales de *certiorari.*

ID.—ASAMBLEAS MUNICIPALES—FUNCIONARIOS *de Facto.*—Si después de elegido
e instalado un miembro de la asamblea municipal se descubre que por no
ser ciudadano americano estaba incapacitado para desempeñar el cargo, los
acuerdos de la asamblea en que intervino dicho miembro son válidos espe-
cialmente cuando no fué impugnada su elección, pues él, antes de descu-
brirse su incapacidad, era un funcionario *de facto.*

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. R. Rivera Zayas.*

Abogado de la apelada: *Sr. J. Texidor.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tri-
bunal.

La teoría de la corte inferior y de la apelada es que
cuando una Asamblea Municipal que tiene el derecho de
elección declara nula una elección, la persona *prima facie*
elegida, si retiene su puesto e insiste en que no ha sido des-
tituída legalmente o privada de su cargo, no ha sido perju-
dicada por la actuación, voto o resolución adoptada por la
Asamblea al anular o pretender anular la elección. No en-
contramos ninguna autoridad, y las partes no nos han ci-

tado ninguna, para determinar exactamente cuando es que se destituye a una persona de su cargo. Si la ley prescribe que un hombre no puede ser destituído, por ejemplo, sin una notificación y audiencia y el poder que lo nombra lo destituye sin que haya mediado una u otra, la destitución es nula y la persona que se pretende destituir legalmente tiene todavía el título al cargo. Por consiguiente, cuando las cortes expiden un auto de *mandamus* para reponer a un hombre en su cargo no pueden ellas estar declarando o creando el cargo. Ellas están quitando obstáculos al ejercicio del cargo. Están declarando que el título existe.

En este caso la Asamblea Municipal de Arecibo, con el derecho de elección de varios comisionados, declaró que el comisionado conocido por alcalde no había sido debidamente elegido, que su elección era nula y procedió a nombrar otra persona. Es perfectamente cierto que el peticionario en la corte inferior sostuvo que él continuó en el desempeño de su cargo activamente y que nunca fué destituído legalmente, pero la Asamblea Municipal, por virtud de un alegado color de autoridad, o con o sin dicha autoridad, declaró vacante el cargo. Todo acto siguiente del peticionario estaría sujeto a ataque, sus subordinados podrían negarse a obedecer sus órdenes, el auditor podría también rehusar a aprobar sus cuentas y el público lanzado a la duda y confusión. La diferencia entre un hombre que abandona su oficina y sale a la calle por virtud de las órdenes o actuación de una supuesta junta superior o persona, y uno que en actitud desafiante se sienta en su escritorio sosteniendo su derecho, no afecta seriamente a la cuestión fundamental, a la materia objeto de la revisión, o sea, si la persona a quien se trata de destituir tiene un buen título. Lo que la fuerza o fuerzas oponentes en cualquier caso han hecho es imputar un defecto en el título. El título mismo no se destruye, pero su ejercicio se interrumpe. Una per-

sona cuyo título es puesto de tal modo en duda ha tenido derechos que han sido perjudicados o infringidos dentro del significado del artículo 65 (a) de la Ley No. 85 de 1919, Leyes de ese año, página 720, bajo el epígrafe "Recursos Judiciales," que es como sigue:

"Art. 65.—La Corte de Distrito tendrá jurisdicción, a instancia de parte perjudicada:

"(a)—Para anular o revisar cualquier acto legislativo o administrativo de la Asamblea Municipal o Concejo de Administración o de los Comisionados, que lesione derechos constitucionales de los querellantes o sea contrario a la Ley Orgánica o a las leyes de Puerto Rico, mediante *certiorari*."

En este caso los derechos del peticionario surgieron por virtud de la misma ley conocida por Ley Municipal, si él había sido debidamente elegido alcalde con arreglo a ella.

Los apelados también sostienen que el *certiorari* no procede y basan su alegación en el alcance general del auto de *certiorari*. Hemos resuelto varias veces que cuando la legislatura ha aprobado una ley especial que confiere a un ciudadano un derecho de acción, debe acudirse a esa ley y no a los principios generales de *certiorari*. La definición, *supra,* del artículo 65 (a) es bastante amplia para incluir a este caso.

La cuestión principal en este caso es si hubo una debida elección, siendo objeto de impugnación el derecho de votar de uno de los miembros de la asamblea que tomó parte en la elección.

Los apelados han hecho cierto comentario en su alegato sobre el derecho a promover mediante ataque colateral la cuestión de si una persona es un funcionario *de facto,* pero debe recordarse que el peticionario no está atacando la existencia de ningún cargo. Por el contrario, el peticionario trata de sostener no solamente su misma debida elección, sino el derecho *de facto* del alegado miembro de la

asamblea que votó a favor del peticionario.  No existe ningún ataque.

La Asamblea Municipal de Arecibo se reunió para nombrar un alcalde.  El peticionario fué nominalmente elegido por un voto de siete contra seis.  Se descubrió luego que uno de los miembros de la Asamblea no era ciudadano de los Estados Unidos y por tanto de acuerdo con la ley, no tenía derecho alguno a ser elegido a la Asamblea.  Subsiguientemente se celebró una reunión de dicha Asamblea, la elección del alcalde fué declarada nula, su cargo vacante y un sucesor nombrado en su lugar.  El apelante sostiene que la reunión en la cual se trató de anular su elección fué convocada ilegalmente y también alega que el miembro incapacitado era un funcionario *de facto*, siendo la elección del alcalde válida.  Incidentalmente, el peticionario sostiene que como el voto fué secreto no había medio de determinarse por quién voto el miembro de la asamblea incapacitado y por tanto que no hay ninguna base determinable para anular la elección del alcalde.  Se admitió expresamente en la votación final de la Asamblea que el voto del miembro incapacitado no podía conocerse.

El alegado miembro de la Asamblea incapacitado fué elegido en las elecciones pasadas en la misma forma que sus asociados.  Después de la elección del alcalde, se descubrió que el miembro de la Asamblea en cuestión no era un ciudadano americano, sino español.  En qué otros actos o resoluciones de la Asamblea intervino él, no se ha expresado.  La siguiente cita del tomo 22 de Ruling Case Law, pág. 588, es pertinente:

"Lord Ellenborough ha definido un funcionario *de facto* como uno que tiene la reputación de ser el funcionario que pretende ser y sin embargo no es un verdadero funcionario desde el punto de vista legal.  Otra definición más comprensiva es la siguiente: Una persona es un funcionario *de facto* cuando los deberes del cargo se ejercitan: 'Primero.—Sin un nombramiento o elección

conocidos, pero bajo tales circunstancias de reputación o conformidad que podían inducir a la gente sin preguntar, a someterse o invocar su acción, suponiendo que él es el funcionario que se tenía por tal.  Segundo.—So color de un nombramiento o elección tenido por válido pero en el que el funcionario no se había ajustado a algún precedente, requisito o condición, como por ejemplo, tomar un juramento, prestar una fianza o algo semejante.  Tercero.—So color de una elección o nombramiento conocido, nulo porque el funcionario no era elegible, o porque existía una falta de autoridad en el cuerpo que lo elige o nombra, o debido a algún defecto o irregularidad en su ejercicio, tal inelegibilidad, falta de autoridad o defecto siendo desconocido del público.  Cuarto.—So color de un nombramiento o elección hecho bajo o de acuerdo con una ley pública anticonstitucional, antes que la misma sea declarada como tal.  Y esto ha sido universalmente aceptado.''

Esta cita está sostenida por los casos de *Wendt* v. *Berry,* Ann. Cas. 1915C, 493, donde se citan otros casos. *Howard* v. *Burke,* 140 A. S. R. 159, y nota detallada en la página 171.  Véase también *Ex parte Dones,* 10 D. P. R. 179; *Hussey* v. *Smith,* 99 U. S. 20; *Ball* v. *U. S.* 140 U. S. 118, sobre los derechos de funcionarios *de facto.*  También 19 R. C. L. 886, 887.  De acuerdo con estas autoridades no tenemos duda alguna de que los actos del miembro de la asamblea incapacitado, especialmente no habiendo sido impugnada su elección entonces, fueron válidos como los actos de un funcionario *de facto.*

Tenemos alguna duda, lo mismo que el apelante, de si la convocatoria para la sesión extraordinaria fué legal con el fin de destituir al peticionario, pero no necesitamos resolver específicamente la cuestión.

Asimismo no vemos como podía determinarse el voto del miembro de la asamblea incapacitado y nos inclinamos al parecer de que incumbía a los impugnadores probar el voto del miembro incapacitado, y si esto era imposible, entonces la elección debía subsistir.

Tenemos dudas también de si la Asamblea tenía algún

derecho a anular el nombramiento. Según la ley la Asamblea tiene derecho a destituir después de una notificación y audiencia, pero el derecho de una asamblea para anular un nombramiento como tal no está claramente definido entre las facultades de una asamblea. Algo así como el auto de *quo warranto* parece ser el procedimiento adecuado para probar la validez de un nombramiento.

Debe revocarse la sentencia y la resolución de la Asamblea Municipal de Arecibo anulando la elección de Rafael San Millán como Comisionado de Servicio Público, Policía y Prisiones, debe a la vez ser anulada, y anulada igualmente cualesquiera otras órdenes del Concejo que intervengan con el debido ejercicio del cargo de dicho Comisionado.

*Revocada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey, Hutchison y Franco Soto.