BUITRAGO, DEMANDANTE Y APELADO, *v.* MEDINA ET AL., DEMANDADOS Y APELANTES.

No. 3158.—*Visto:* Marzo 6, 1924. *Resuelto:* Junio 25, 1924.

*Mandamus*—PAGO DE SUELDOS A FUNCIONARIOS DESTITUÍDOS ILEGALMENTE—ACUMULACIÓN DE ACCIONES Y DE PARTES.—Probado que el peticionario comisionado de servicio público, policía y prisiones e instrucción fué ilegalmente destituído de su cargo por la asamblea municipal, es necesario concluir que él tiene derecho a que se le paguen sus sueldos mientras duró la destitución ilegal aunque no lo hubiera podido desempeñar. El *mandamus* a tal fin dirigido contra el contador y comisionado de hacienda municipal es el remedio adecuado y no puede sostenerse que adolece del defecto de indebida acumulación de acciones ni de partes demandadas.

ID.—DEBER MINISTERIAL.—Cuando el sueldo que reclama un funcionario municipal ilegalmente destituído figura en el presupuesto corriente, el deber del contador municipal de expedir los libramientos necesarios no es discrecional sino ministerial.

ID.—PODER.—Alegaron los demandados que no procedía decretarse el auto de *mandamus* para pagar sueldos devengados por el peticionario por no haber

fondos en el tesoro municipal. Analizada la declaración del contador muni-
cipal ofrecida en apoyo de tal alegación, se concluyó que no era suficiente
pues no solamente ese testigo ignora todo lo concerniente a los fondos muni
cipales sino que no ha declarado qué se ha hecho del dinero que estaba con-
signado en el presupuesto para pagar el sueldo del peticionario.

SENTENCIA de *Gabriel Castejón*, J. (Guayama), dictando auto pe-
rentorio de *mandamus,* sin costas. *Confirmada.*

*B. Pagán,* abogado de los apelantes; *A. Porrata,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tri-
bunal.

Don Alejandro Buitrago, en su carácter de Comisionado
Municipal de Servicio Público, Policía, Prisiones e Instruc-
ción del Municipio de Guayama en esta Isla, presentó en la
Corte de Distrito de Guayama el 21 de abril de 1923 una
petición de *mandamus* contra el Comisionado de Hacienda
y contra el contador de dicho municipio alegando que por
resolución aprobada por la Asamblea Municipal de Guayama
el 25 de septiembre de 1922 fué suspendido de empleo y
sueldo como tal comisionado municipal y más tarde desti-
tuido ilegalmente de su cargo por un procedimiento de desti-
tución (*impeachment*) y que habiendo establecido recurso de
apelación para ante la Corte de Distrito de Guayama ésta
por sentencia dictada el 6 de enero de 1923 ordenó la inme-
diata reposición del peticionario en el expresado cargo y que
establecida apelación por la asamblea municipal contra esa
resolución fué desestimada la apelación en 5 de marzo del
mismo año (31 D.P.R. 961), y en su consecuencia tomó pose-
sión nuevamente de su cargo, y que tiene derecho a cobrar
el sueldo que como tal comisionado venía hasta entonces co-
brando, el que figura asignado en el presupuesto del co-
rriente año económico, y que a pesar de no haber sido trans-
ferida ni gastada esa partida los demandados, en el carácter
en que lo son, no le han satisfecho los sueldos por él deven-
gados, los que desde septiembre 27 hasta finalizar el mes de
marzo de 1923 ascienden a la cantidad de $1,021.96, y que se
han negado y se niegan sin causa ni motivo justificado a li-
brar la correspondiente orden de pago.

Los demandados contestaron la petición alegando que el peticionario no tiene capacidad legal para demandar porque no es tal funcionario; que existe indebida acumulación de partes y de acciones; que el auto no podría ser cumplido porque en el tesoro municipal de Guayama no hay fondos disponibles para efectuar ese pago y que la petición no aduce hechos determinantes de causa de acción, negando luego algunos hechos de la petición.

Celebrada la vista y oídas las pruebas que fueron presentadas la corte dictó auto perentorio ordenando al contador municipal que expidiera al tesorero municipal los correspondientes libramientos para el pago al peticionario de sus sueldos como Comisionado de Servicio Público, Policía, Prisiones e Instrucción del Municipio de Guayama desde el 27 de septiembre de 1922 hasta finalizar el mes de marzo de 1923, ascendentes a $1,021.96, y al tesorero municipal que autorizado el pago por el contador proceda a hacerlo efectivo de acuerdo con la ley. Esta resolución ha sido apelada por los demandados.

Se probó que el apelado fué separado ilegalmente de su cargo de comisionado de servicio público, policía y prisiones e instrucción, según fué declarado por sentencia firme como consecuencia de la cual volvió a desempeñar su empleo, en el que cesó por su renuncia a fines de abril de 1923, y que fué suspendido de su empleo; y siendo ilegal esa suspensión y destitución no ha podido producir el efecto de privarle del sueldo a él correspondiente aunque por las circunstancias dichas no pudo ejercer las funciones propias del mismo y por tanto tiene derecho a que le sean satisfechos los sueldos que reclama. El derecho del peticionario a cobrar servicios no prestados en esas circunstancias es claro ya que el sueldo es inherente al cargo, sin tener en cuenta que tales servicios hayan sido o nó prestados.

Cuando el apelado hizo su petición de *mandamus* era todavía comisionado de servicio público, policía y prisiones e instrucción, aunque estaba con licencia, y tenía personalidad

como tal para solicitar el auto de *mandamus* para que sus sueldos le fueran pagados, y aunque en esa fecha hubiera cesado en el cargo hubiera tenido también la misma acción por los sueldos que reclama.

No hubo en la petición indebida acumulación de acciones porque en ella sólo se ejercita la de que los demandados realicen los actos necesarios para que los sueldos del peticionario le sean pagados; y tampoco hay indebida acumulación de partes demandadas porque aunque sus funciones puedan ser y sean distintas, en este caso los intereses de ambos son idénticos porque convergen hacia el pago de la deuda para con el peticionario, ya que en toda deuda municipal intervienen dos personas, el contador y el tesorero; por lo que estando tan íntimamente relacionadas sus actuaciones no es posible sostener que sus intereses sean distintos.

Los sueldos que se reclaman estaban consignados en el presupuesto que estaba rigiendo cuando la petición de *mandamus* fué hecha y por esto el contador municipal carecía de facultad discrecional para negarse a expedir los libramientos necesarios para el pago de los sueldos devengados y no satisfechos, y por consiguiente su deber resultaba ministerial. En 18 R.C.L., p. 221, se dice: "Está reconocido generalmente que el *mandamus* es el remedio apropiado para obligar al pago del sueldo de los empleados públicos cuando han sido fijados por la ley y el procedimiento no tiene el objeto y propósito de determinar el derecho al cargo." · Y en el mismo tomo, página 224, se dice que: "En el caso de reclamación de sueldos por empleados públicos o de empleados cuyos sueldos están fijados por la ley la función de expedir los libramientos para el pago y el acto de refrendarlos es considerado meramente ministerial."

Los demandados alegaron como defensa que no procedía decretarse el auto perentorio de *mandamus* porque no podría ser cumplido por no haber fondos en el tesoro municipal de Guayama para atender al pago que se reclama. El contador municipal declaró que no hay fondos municipales

para pagar la cantidad que se reclama pero también manifestó que no sabía los fondos que tenía el municipio y que después de presentada la petición de *mandamus* han sido pagados todos los empleados municipales, y dijo ignorar cuánto se ha pagado del presupuesto y el sobrante que tenga el municipio para cubrirlo, ignorando también a cuánto ascendían los pagos hechos. Esta evidencia no es bastante para probar la alegación hecha por los demandados, pues no solamente ese testigo ignora todo lo concerniente a los fondos municipales sino que no ha declarado qué se ha hecho del dinero que estaba consignado en el presupuesto para pagar el sueldo del peticionario.

Alegan los apelantes que el peticionario no probó que era el Comisionado de Servicio Público, Policía y Prisiones e Instrucción de Guayama, pero ellos no negaron las alegaciones de la petición en que se alegaba que desempeñaba ese cargo, que fué destituido ilegalmente y que fué repuesto en él.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.