Clemente J. Rodríguez Carlo, demandante y apelante, *v.* Jacinto García Ramírez y Pedro Nieves, Auditor y Tesorero Municipal de Guánica, Respectivamente, y Juan B. Huyke, Comisionado de· Instrucción de Puerto Rico, demandados y apelados.

No. 3595.—*Visto:* Abril 29, 1925. *Resuelto:* Abril 28, 1926. ·

1. Mandamus—Materias y Objeto del Remedio—Actos o Procedimientos de Funcionarios Públicos, Juntas y Municipios—Deber Requerido que es Discrecional.—La disposición contenida en el artículo 17 de la Ley Orgánica referente a que todo desembolso propuesto por instrucción pública en la Isla deberá ser aprobado por el Comisionado de Instrucción Pública impone a éste un deber discrecional y no ministerial.

2. Mandamus — Naturaleza y Fundamentos del Remedio — Naturaleza del Acto Requerido.—El *mandamus* no procede para obligar el cumplimiento de un deber que es discrecional y no ministerial.

Sentencia de *Rafael Díaz Cintrón,* J. (Ponce), declarando sin lugar solicitud de *mandamus,* sin costas. *Confirmada.*

*Francisco Parra Capó y Leopoldo Tormes,* abogados del apelante; *Hon. H. P. Coats,* y *C. Llauger Díaz,* abogados de los apelados.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

El apelante don Clemente J. Rodríguez Carlo solicitó de la corte inferior que librara un auto de *mandamus* contra don Jacinto García Ramírez, como contador del municipio de Guánica, contra don Pedro Nieves, como tesorero de dicho municipio, y contra don Juan B. Huyke, como Comisionado de Instrucción de Puerto Rico, para que se ordene a los dos primeros extiendan un cheque por $1,533.33 a favor del peticionario y para que el último lo apruebe, alegando que esa cantidad está acordada pagar al peticionario por la Asamblea Municipal de Guánica y figura en el presupuesto con cargo a instrucción pública por sueldos que no le fueron pagados como comisionado municipal de instrucción de Guánica.

El contador y el tesorero municipal se allanaron a la petición pero habiéndose opuesto a ella el Comisionado de Instrucción de Puerto Rico Sr. Huyke alegando como excepción previa que los hechos expuestos en la petición de *mandamus* no justifican la expedición del auto porque, según se expresó oralmente, el deber requerido del Comisionado de Instrucción de Puerto Rico es discrecional y no ministerial, la corte inferior resolvió el asunto declarando sin lugar la expedición del auto de *mandamus* perentorio, fundada en que no era procedente por no ser ministerial sino discrecional la facultad concedida por la ley al Comisionado de Instrucción Pública de Puerto Rico al aprobar dicho gasto. Y en el recurso de apelación que ha interpuesto el peticionario contra esa sentencia alega que es errónea porque la facultad de aprobación concedida por la ley al Comisionado de Instrucción de Puerto Rico es ministerial y no discrecional, por lo que debió ser dictada sentencia a favor del peticionario.

Dispone el artículo 17 de nuestra actual Ley Orgánica que el Comisionado de Instrucción de Puerto Rico dirigirá la instrucción pública en toda la Isla y que todo desembolso

propuesto por cuenta de la misma deberá ser aprobado por él: y el artículo 44 de la Ley Municipal en uno de sus "disponiéndose" dice que el contador municipal no expedirá ningún libramiento a cuenta del presupuesto de instrucción pública sin que el desembolso hubiere sido aprobado previamente por el Comisionado de Instrucción de Puerto Rico según se dispone en la Ley Orgánica.

En vista de esas disposiciones toda la cuestión en este asunto versa sobre si la disposición que contiene la Ley Orgánica referente a que todo desembolso propuesto por cuenta de instrucción pública en la Isla deberá ser aprobado por el Comisionado de Instrucción Pública le impone un deber ministerial o si tal deber es discrecional.

Los casos de *San Millán* v. *Asamblea Municipal de Arecibo,* 32 D.P.R. 279; *Axtmayer* v. *Kessinger,* 32 D.P.R. 915, y el de *Buitrago* v. *Medina,* resuelto por este tribunal el 25 de junio de 1924 (33 D.P.R. 433), que el apelante cita en apoyo de su recurso, nò nos dan luz alguna sobre la cuestión a resolver en este asunto, pues el primero no tiene relación con la cuestión que ha de ser decidida en el caso presente, ya que ni remotamente fué tratada en él: en el segundo la cuestión resuelta por la mayoría del tribunal fué que teniendo la Junta de Síndicos de la Universidad de Puerto Rico la facultad por la ley de nombrar a los profesores y de determinar la cuantía de sus sueldos era deber del Auditor de Puerto Rico el expedir los necesarios documentos para que el pago se realizase, caso que tampoco tiene relación con el presente porque la sección 20 de la Ley Orgánica sólo confiere facultad al Auditor para intervenir y liquidar los gastos y fondos o propiedades pertenecientes al gobierno, habiendo recurso contra su decisión: y en el caso de *Buitrago* v. *Medina* tampoco fué tratada la cuestión fundamental de este recurso.

Puesto que el Comisionado de Instrucción Pública de Puerto Rico tiene impuesta por la ley la obligación de dirigir la instrucción en la Isla, correlativamente le ha sido

concedida la facultad de aprobar los desembolsos que se originen en la instrucción pública, facultad que necesariamente ha de ser discrecional porque si no fuera así entonces no sería él quien dirigiera la instrucción sino las personas que le sometieran los gastos para su aprobación. La facultad de aprobar envuelve el uso de discreción, y así ha sido resuelto en el caso de *State* v. *Smith,* 24 Montana 44, 57 Pac. 449 (1899), en el que se dijo: ''La expresión 'estará sujeto a la 'aprobación' significa que puede haber una desaprobación. La palabra 'aprobar' significa 'resolver bien,' 'pensar o resolver bien una cosa.' '' La facultad de aprobar envuelve la idea de discreción y de resolución, según se dice en *Cosme* v. *Colusa County,* 58 Cal. 274.

Siendo, pues, discrecional la facultad concedida al Comisionado de Instrucción Pública para aprobar los gastos que por ese concepto se le sometan, no cometió la corte inferior el error alegado por el apelante por no haber dictado sentencia a su favor, ya que el auto de *mandamus* no es procedente para obligar al cumplimiento de un deber que es discrecional y no ministerial. De todos modos, el peticionario no está sin remedio porque existiendo sentencia que condena al municipio a pagar al peticionario los sueldos que devengó como comisionado de instrucción del municipio durante el tiempo que la asamblea municipal lo separó ilegalmente de su cargo, el municipio es el que debe pagarle esas cantidades de sus fondos generales y no de los especiales de instrucción pública, que para nada intervino en esa separación ilegal.

*La sentencia apelada debe ser confirmada.*

Los Jueces Asociados señores Wolf y Franco Soto disintieron.

OPINIÓN DISIDENTE DEL JUEZ ASOCIADO SR. WOLF.

Hubo poca o ninguna cuestión en cuanto a que la cantidad que se trató de obtener, le era debida al peticionario. La facultad del Contador para revisar cuentas es, si es

algo, mayor que la del Comisionado de Instrucción. Si en *Axtmayer* v. *Kessinger*, 32 D.P.R. 915, el peticionario tenía un remedio y el deber del demandado era ministerial, el mismo derecho sino mayor existía aquí y la obligación era del mismo modo ministerial. Aunque en el caso de Kessinger yo hube de disentir, fué sólo por el fundamento de que el peticionario allí no había agotado sus remedios administrativos apelando al Gobernador.