Opinión concurrente emitida por el
Juez Asociado Señor Estrella Martínez.
Concurro porque considero que debimos pautar que la Ley Núm. 243-2011, infra, requiere que una persona convicta por actos lascivos o impúdicos contra un adulto forme parte del Registro de Personas Convictas por Delitos Sexuales, Violentos y Abusos contra Menores (Registro). Además, la Sentencia emitida hoy debió estar fundamentada, a fin de pautar el derecho aplicable, en el cómputo para la exclusión del Registro.
I
El Sr. Carlos Placer Román fue sentenciado el 29 de diciembre de 1999 a cumplir una pena de seis años de cárcel por cometer el delito de actos lascivos o impúdicos en contra de una adulta, según tipificado en el Art. 105(d) del derogado Código Penal de 1974 (33 LPRA ant. see. 4067). *841 (1) El Tribunal de Primera Instancia ordenó la suspensión de la pena de reclusión y le otorgó el beneficio de una sentencia suspendida en conformidad con la Ley de Sentencia Suspendida y Libertad a Prueba, Ley Núm. 259 de 3 de abril de 1946, según enmendada, 34 LPRA see. 1027. Así, el peticionario gozó del beneficio de libertad a prueba el 27 de diciembre de 1999.(2) Desde ese momento, el señor Placer Román fue inscrito en el Registro.
Luego de transcurridos diez años desde que se le inscribió en el Registro, el señor Placer Román solicitó al Departamento de Corrección que eliminara de este su nombre e información, conforme a la derogada Ley Núm. 28-1997 (4 LPRA ant. see. 535 et seq. (Ley Núm. 28-1997).(3) No obstante, su solicitud fue denegada, porque no había transcurrido el término estatuido en la Ley Núm. 266-2004 (4 LPRA see. 536 et seq. (Ley Núm. 266-2004) vigente a ese momento. Según el personal del Departamento de Corrección, el peticionario debía permanecer inscrito en el Registro hasta el 29 de diciembre de 2015, pues el término de inscripción se contaba desde que la persona cumplió con su sentencia y no desde que gozó del privilegio de libertad a prueba.
*842 En consecuencia, el señor Placer Román presentó una demanda sobre mandamus contra el Estado Libre Asociado (Estado), el Departamento de Justicia, la Administración de Corrección, la Policía de Puerto Rico y la Junta de Libertad Bajo Palabra. Solicitó que, entre otras cosas, se ordenara a los demandados eliminar su nombre e información del Registro. Adujo que cuando se le sentenció estaba en vigor la derogada Ley Núm. 28-1997 que excluía del Registro el delito por el cual fue sentenciado. En la alternativa, alegó que bajo el supuesto de que la referida ley requiriera su inscripción en el Registro, procedía la eliminación de su nombre por haber transcurrido diez años desde que se le concedió el beneficio de sentencia suspendida, según establecía la Ley Núm. 28-1997. Al respecto, el señor Placer Román argüyó que el término de diez años venció el 29 de diciembre de 2009 y que la aplicación de la Ley Núm. 266-2004 era ex post facto porque agravaba la pena al extender el tiempo en que estaba obligado a permanecer inscrito en el Registro.
Consiguientemente, el Tribunal de Primera Instancia celebró una vista en la cual las partes convinieron que no existían controversias de hechos, sino de derecho respecto a cuál era la ley aplicable. Más adelante, el Estado presentó una Moción en cumplimiento de orden y de desestimación, y una Moción Suplementando la Moción de Desestimación. Solicitó que se desestimara la demanda sobre mandamus por sostener que no existía una causa de acción que justificara la concesión de un remedio. Sostuvo que no aplica la doctrina de leyes ex post facto porque la Ley Núm. 266-2004 no era de carácter punitivo y su único fin es brindar información que provea seguridad a las víctimas de delitos sexuales y a la ciudadanía en general. Asimismo, aseveró que: (1) no existía alguna razón en derecho para que se expidiera el mandamus, pues el peticionario fue debidamente incluido en la lista de ofensores sexuales; (2) no existía un deber ministerial de eliminar su informa *843 ción del Registro, y (3) el peticionario no agotó el procedimiento administrativo establecido en el Sistema de Información de Justicia Criminal. Por lo anterior, planteó que el peticionario debió presentar una reclamación escrita y jurada ante el Director Administrativo, en la cual hiciera la alegación correspondiente.
Tras ponderar la postura de las partes, el Tribunal de Primera Instancia desestimó con perjuicio la demanda por entender que no existía una reclamación que justificara la concesión de un remedio. Razonó que: (1) el señor Placer Román fue debidamente inscrito en el Registro; (2) al momento de la aprobación de la Ley Núm. 266-2004 se encontraba convicto por actos lascivos en un programa de desvío, y (3) no se había extinguido la sentencia. De esta forma, ese foro concluyó que, conforme a la citada legislación, el término de diez años para excluirlo del Registro se cumpliría el 29 de diciembre de 2015, pues comenzó a computarse a partir del momento en que cumplió la totalidad de la pena que se le impuso y no desde que estuvo en libertad bajo palabra. Además, el tribunal primario decretó que la Ley Núm. 266-2004 no tenía un propósito punitivo por lo que entendió que no viola el principio de leyes ex post facto. Así pues, el foro primario denegó el auto de mandamus por entender que las agencias demandadas no incumplieron un deber ministerial y que existía un procedimiento administrativo adecuado en ley que debía ser agotado por el señor Placer Román.
Ante tal determinación, el señor Placer Román acudió al Tribunal de Apelaciones. Argüyó que el foro primario erró al: (1) desestimar la demanda sobre mandamus con perjuicio; (2) resolver que debía agotar mecanismos administrativos, y (3) aplicar retroactivamente el cómputo del periodo de inscripción en el Registro, conforme a la Ley Núm. 266-2004. Además, solicitó que se ordenara la eliminación de su nombre e información del Registro. Subsiguientemente, el peticionario presentó una Moción en Auxilio de Jurisdic *844 ción ante el foro intermedio, en la cual planteó que la Ley Núm. 266-2004 se enmendó mediante la Ley Núm. 243-2011 y que tales enmiendas confirmaban sus alegaciones sobre los méritos para expedir el auto de mandamus. No obstante, el Tribunal de Apelaciones declaró no ha lugar la referida solicitud.
Posteriormente, el Tribunal de Apelaciones confirmó la sentencia del Tribunal de Primera Instancia. Concluyó que el Tribunal de Primera Instancia no erró al desestimar la demanda sobre mandamus, razonando que el Estado no incumplió un deber ministerial. De igual forma, resolvió que: (1) la derogada Ley Núm. 28-1997 incluía en la lista de los delitos que debían aparecer en el Registro el de actos lascivos o impúdicos por el cual el peticionario fue sentenciado; (2) la Ley Núm. 266-2004 mantenía este delito como uno por el cual el peticionario debería aparecer inscrito en el Registro; (3) la ley aplicable para el cómputo del periodo de inscripción en el Registro era la Ley Núm. 266-2004; (4) no procedía la doctrina de la prohibición de aplicación de leyes ex post facto, porque esa ley no es de naturaleza penal, y (5) existía un procedimiento administrativo para canalizar las reclamaciones del señor Placer Román.
Inconforme, el peticionario recurrió ante este Tribunal mediante un auto de certiorari. Señaló que la aplicación retroactiva de la Ley Núm. 266-2004 era ex post facto porque agravaba la pena y extendía tanto la sentencia como las condiciones a las que estuvo sujeto desde que fue juzgado. Además, reiteró que las enmiendas establecidas por la Ley Núm. 243-2011 apoyaban su solicitud en cuanto a la forma de cómputo del término en que debía aparecer su información en el Registro. Igualmente, el peticionario alegó que no se proveía un procedimiento para eliminar la inscripción del Registro. De igual forma, señaló que el Reglamento Núm. 7131, Reglamento para el Registro de Personas Convictas por Delitos Sexuales y Abuso contra Menores, no establecía el procedimiento administrativo para *845 conseguir que se elimine su nombre e información del Registro.(4)
Por su parte, el Estado argüyó que era improcedente ex-pedir el mandamus porque no existía un deber ministerial que cumplir. Señaló que no procedía activar la protección constitucional en contra de la aplicación de leyes ex post facto porque el Registro no tenía un propósito punitivo y la ley que lo creó no era de naturaleza penal. Insistió en que existía un remedio administrativo disponible para eliminar la información del Registro. Finalmente, adujo que la Ley Núm. 243-2011 tenía efecto retroactivo pleno y que, por consiguiente, el señor Placer Román era un ofensor sexual II, cuyo término de inscripción debía computarse a partir de la fecha en que se dictó la sentencia con una duración de veinticinco años.
Este Tribunal mediante Resolución de 21 de marzo de 2013 expidió el recurso de certiorari ante nuestra consideración. Procedo a exponer mi análisis.
II
A. Auto de mandamus
1. El auto de mandamus es un recurso altamente privilegiado que se expide para ordenar a cualquier persona natural o jurídica, a una corporación o a un tribunal judicial de inferior jerarquía que cumpla un acto que forma parte de sus deberes o atribuciones. Art. 649 del Código de Enjuiciamiento Civil, 32 LPRA see. 3421.
Este recurso extraordinario se utiliza para exigir el cumplimiento de un deber ministerial que no admite discreción en su ejercicio, sino que es mandatorio. AMPR v. Srio. Educación, E.L.A., 178 DPR 253, 263 (2010); Acevedo Vilá v. Aponte Hernández, 168 DPR 443, 454-455 (2006); *846 Álvarez de Choudens v. Tribunal Superior, 103 DPR 235, 242 (1975); Rodríguez Carlo v. García Ramírez, 35 DPR 381, 384 (1926). Por lo que, si la ley prescribe y define lo que debe cumplirse, no hay espacio para el juicio o discreción. Por otra parte, se resolvió que este deber ministerial no tiene que, necesariamente, estar expreso en la ley, sino que está sujeto a la interpretación judicial. AMPR v. Srio. Educación, ELA, supra, pág. 264; Álvarez de Choudens v. Tribunal Superior, supra, pág. 242.
La expedición de este recurso extraordinario no procede cuando hay un remedio en el curso ordinario de la ley, ya que su propósito no es reemplazar los remedios legales existentes, sino suplir la falta de ellos. AMPR v. Srio. Educación, ELA, supra, pág. 267. Por lo tanto, con ciertas ex-cepciones, la parte que solicita el auto de mandamus debe establecer que realizó un requerimiento previo al funcionario para que cumpliera el acto o deber ministerial.(5) Noriega v. Hernández Colón, 135 DPR 406, (1994); Dávila v. Superintendente de Elecciones, 82 DPR 264, 275 (1960); Suárez v. Corte, 65 DPR 850, 857-858 (1946).
2. En lo que atañe a la controversia ante nos, debemos analizar si existe un procedimiento administrativo que agotar para solicitar el mandamus. Sobre el particular, la Ley Núm. 129 de 30 de junio de 1977 (Ley Núm. 129), 4 LPRA see. 531 et seq., creó el Sistema de Información de Justicia Criminal (Sistema) para recopilar información sobre individuos procesados criminalmente como adultos. La información recopilada está relacionada con los eventos del procedimiento criminal pasado y presente con cualquier disposición que resultara de estos, tales como arresto, presentación de la acusación, sentencia y reclusión. 4 LPRA see. 531. Esta dispone que, con relación a la base de datos, cualquier persona puede presentar una reclamación escrita y *847 jurada ante el Director Administrativo en la que alegue que la información en el Sistema es incorrecta, incompleta o no está autorizada por ley. 4 LPRA see. 53 ln. De esta forma, las disposiciones contenidas en la Ley Núm. 129 atienden exclusivamente la información que pertenece al Sistema, y no contemplan un mecanismo para solicitar la exclusión del Registro. Ello es así, porque al aprobarse la Ley Núm. 129 solo se atendió la necesidad de crear una base de datos sobre las personas procesadas criminalmente y no creó el Registro, cuyo origen es posterior a la Ley Núm. 129.
El Registro se promulgó al aprobar la Ley Núm. 28-1997. Mediante este se hace constar la dirección de las personas convictas por actos constitutivos de abuso sexual y abuso contra menores. En éste se incluyen los datos personales de éstas y otros esenciales por determinado tiempo. Su propósito consiste en proteger a la ciudadanía y a las víctimas de delitos sexuales, por razón de que se entiende necesario conocer el paradero de personas que sufren de una enfermedad o desorden mental de índole sexual. A su vez, la Ley Núm. 28-1997 dispuso que una vez transcurra el término por el cual debe estar registrada la persona, sus datos serán eliminados del Registro. Para ello, el Sistema estaría obligado a adoptar la reglamentación necesaria. La Ley Núm. 28-1997 fue derogada al aprobarse la Ley Núm. 266-2004 con el fin de promover un estatuto de mayor cobertura.
De acuerdo con tales cambios, se promulgó el Reglamento Núm. 7131, el cual en su Art. 9 establece las responsabilidades del Sistema y cómo se podrá eliminar la información contenida en el Registro, al disponer lo siguiente:
C. Responsabilidades del Sistema de Información de Justicia Criminal (SIJC)
3. La información contenida en el Registro solamente podrá ser eliminada de éste bajo las siguientes circunstancias:
a. Si ha transcurrido un período de diez (10) años desde que la persona convicta cumplió la sentencia impuesta (si no es un agresor sexual peligroso).
*848 b. Si la convicción es revocada por un tribunal.
c. Si el convicto recibe un perdón ejecutivo o indulto total. (Enfasis suplido). http://www2.pr.gov/agencias/sijc/LeyesYReglamentos/reglamentos/Pages/ReglamentoparaelRegistrodePersonasConvictasporDelitosSexualesyAbusoContraMenores LEYN%C3%9AM266.aspx
No obstante, el Reglamento Núm. 7131 no dispuso procedimiento alguno para que se eliminara el nombre de una persona inscrita en el Registro.(6) Mucho menos, establece un procedimiento adecuado para situaciones, como la del señor Placer Román, en que una persona inscrita solicite la exclusión de su nombre del Registro por haber cumplido el término del Registro desde que goza del privilegio de libertad a prueba o bajo palabra. Por lo tanto, ni la Ley Núm. 129 ni el Reglamento, proveen un proceso para atender el reclamo del señor Placer Román, quien solicitó a las autoridades que eliminaran su nombre del Registro. Estas acciones fueron infructuosas, ya que el personal del Registro le informó que el periodo de diez años que debía permanecer en éste no había transcurrido. Es tras la denegatoria de esos requerimientos que el peticionario instó la demanda sobre mandamus.
Siendo ello así, no hay un procedimiento administrativo que agotar y resta evaluar si existe un deber ministerial para que proceda la solicitud de mandamus. Por los fundamentos que se presentan a continuación, concluyo que sí. Veamos.
B. Ley Núm. 28-1997
En el caso de autos, al momento de resultar convicto el señor Placer Román estaba vigente la Ley Núm. 28-1997 *849 que, como discutimos, creó el Registro.(7) El propósito del Registro, al amparo de esa ley, era mantener informadas a las autoridades gubernamentales y a la ciudadanía en general sobre el paradero de aquellas personas que fueron convictas de delitos sexuales violentos o abuso en contra de menores, y que se reintegraron a la libre comunidad. Art. 1 de la Ley Núm. 28-1997 (4 LPRA sec. 531). En ese Registro debía incluirse: el nombre, dirección, fotografía y otra información personal de quienes por ley debían inscribirse en este.
La Asamblea Legislativa estatuyó que el propósito de la Ley Núm. 28-1997 y del Registro no era punitivo, sino un “medio para garantizar la seguridad, protección y bienestar general” ante la posibilidad de que la persona convicta incurriera en la conducta delictiva nuevamente. Art. 1 de la Ley Núm. 28-1997. A tales efectos, el Art. 3(a) de la Ley Núm. 28-1997 (4 LPRA ant. sec. 535a) indicaba quiénes debían aparecer inscritos en el Registro. Entre ellos, se encontraban las personas que cometían actos lascivos o impúdicos.
Por consiguiente, la Ley Núm. 28-1997 expresamente ordenó la inscripción en el Registro de las personas que fueran convictas por actos lascivos o impúdicos de conformidad con el derogado Código Penal de Puerto Rico de 1974. Por otra parte, en el Art. 5 la referida ley disponía que la persona convicta se mantendría “en el Registro por un período mínimo de diez (10) años desde que la persona cumplió la sentencia de reclusión, desde que comenzó a cumplir la sentencia bajo el beneficio de libertad a prueba o desde que es liberada”. (Énfasis suplido). 4 LPRA sec. 535c (ed. 2003).
Como se puede apreciar, la información de la persona convicta debía mantenerse en el Registro por diez años *850 computados de una de estas formas: (1) desde que la persona convicta cumpliera la sentencia de reclusión, o (2) desde que la persona convicta comenzara a cumplir la sentencia bajo el beneficio de libertad a prueba o bajo palabra. Además, nótese que esta ley dispuso, como condición para el disfrute del beneficio de libertad a prueba, el cumplimiento con los requisitos del Registro.
Según lo anterior y conforme con la Ley Núm. 28-1997 vigente cuando el señor Placer Román delinquió y cuando se dictó su sentencia de culpabilidad por el delito de actos lascivos o impúdicos, no cabe duda de que el peticionario fue debidamente inscrito en el Registro. De acuerdo con la legislación vigente para ese entonces, el término de los diez años de inscripción en el Registro comenzó a cumplirse el 29 de diciembre de 1999, cuando se dictó la sentencia de culpabilidad y se le concedió el beneficio de sentencia suspendida bajo libertad a prueba.
No obstante, esta ley fue derogada y sufrió varias enmiendas las cuales discutimos a continuación.
C. Ley Núm. 266 de 9 de septiembre de 2004
La Asamblea Legislativa promulgó la Ley Núm. 266-2004, con el fin de atemperar a nuestras realidades, el Registro y en la medida de lo posible anticipar y prevenir situaciones que pudieran incidir en el maltrato o abuso contra niños, niñas y envejecientes.(8) Véase Exposición de *851 motivos, Ley Núm. 266-2004 (2004 (Parte 2) Leyes de Puerto Rico 2015). 4 LPRA ant. see. 536 n. (ed. 2010). Así, se estableció que en el Registro se harían constar los datos personales e información concerniente a las personas convictas requeridas por esta ley, cuando se reintegren a la libre comunidad. Id.
Al igual que su predecesora, el Art. 3(a) de la Ley Núm. 266-2004, dispuso que serían registradas las personas convictas por cometer actos lascivos o impúdicos.(9) De igual forma, en el Art. 5 de la Ley Núm. 266-2004 se estableció que la información de la persona convicta debía estar inscrita en el Registro por un periodo de diez años.(10) No obstante, la Asamblea Legislativa alteró el cómputo del tiempo por el cual debía estar inscrita la persona convicta al disponer que “se mantendrá en el Registro por un período mínimo de diez (10) años desde que cumplió la sentencia impuesta”. (Énfasis suplido). 4 LPRA see. 536c (ed. 2010).
Por lo tanto, según esta legislación se requería que se mantuviese inscrita la información de la persona convicta por diez años desde que cumplía la sentencia. Es decir, a diferencia de su antecesora, la Ley Núm. 266-2004 no proveía un cómputo distinto para el término de los diez años de inscripción en el Registro cuando la persona convicta cumple su sentencia en la libre comunidad bajo algún beneficio de sentencia suspendida.(11) Ciertamente, el texto *852 de la Ley Núm. 266-2004 tiene un efecto adverso y desfavorable sobre el tiempo requerido para mantenerse en el Registro, al extenderlo. Esto es así, pues la persona convicta, durante la vigencia de la Ley Núm. 28-1997, que cumplía el término de los diez años desde que se le concedió el beneficio de sentencia suspendida, ahora tenía la obligación de aparecer en el Registro por diez años adicionales que comenzarían a transcurrir luego de cumplir su sentencia.
Sin embargo, durante el transcurso de los hechos procesales reseñados, y tal como mencionáramos, la Asamblea Legislativa enmendó la Ley Núm. 266-2004 mediante la Ley Núm. 243-2011 (4 LPRA see. 536 et seq.). Como consecuencia, se reformó el periodo requerido de inscripción en el Registro, así como varios artículos que son pertinentes a la controversia. A continuación se expone el análisis correspondiente.
D. Ley Núm. 243 de 14 de diciembre de 2011
1. La Asamblea Legislativa aprobó esta legislación con el propósito de atemperar el Registro a las disposiciones de la ley federal intitulada Adam Walsh Child Protection and Safety Act of 2006, también conocida como Sex Offender Registration and Notification Act (SORNA), Ley Pub. Núm. 109-248, 27 de julio de 2006, 120 Stat. 587.(12) Esta ley federal está dirigida a brindar mayor protección a las víctimas de un delito sexual. Exposición de Motivos de la Ley Núm. 243-2011 (2011 (Parte 3) Leyes de Puerto Rico 2786). A su vez, esta legislación federal estableció unas guías mínimas de cumplimiento para el Registro. Para cumplir con su propósito, la Legislatura introdujo ciertas enmiendas para añadir nuevas definiciones y para disponer sobre los deberes de la persona sujeta al registro y de las agencias concernientes.
*853 Al interpretar la Ley Núm. 243-2011, este Tribunal concluyó que era de aplicación retroactiva toda enmienda producida por el estatuto que beneficiara a un ciudadano, cuyo nombre se encuentre inscrito en el Registro. Véase Pueblo v. Hernández García, 186 DPR 656, 679 (2012).(13)
Este Tribunal razonó que la inscripción en el Registro es impuesta como consecuencia del incumplimiento de una ley penal, por lo que es parte de su sentencia. Por lo tanto, “la persona que se encuentra inscrito [sic] en el Registro está cumpliendo con parte de lo que es —por mandato de ley— su sentencia penal”. Pueblo v. Hernández García, supra, pág. 677. Como señala la profesora Dora Nevares-Muñiz, “se considera ex post facto toda ley con que en su relación con el delito o con sus consecuencias altere la situación del acusado en su perjuicio”. (Énfasis nuestro). D. Nevares-Muñiz, Código Penal de Puerto Rico, San Juan, Inst, para el Desarrollo del Derecho, 2013.
Siendo ello así, nos corresponde analizar las disposiciones pertinentes de la Ley Núm. 243-2011 al caso ante nuestra consideración.
2. Específicamente, debemos evaluar si al amparo de la Ley Núm. 243-2011, el señor Placer Román tiene derecho a que se elimine su nombre e información del Registro. Además, es menester evaluar si éste estaba obligado a registrarse. Entendemos en la afirmativa.
Mediante la Ley Núm. 243-2011, la Asamblea Legislativa añadió “nuevas definiciones de los conceptos convictos, delito específico contra un menor, delito sexual, empleado, estudiante, ofensor sexual, ofensor sexual tipo I, II y III, menor y residencia”.(14) Cónsono con el interés de adaptar *854 el Registro a lo dispuesto en SORNA, la Legislatura adoptó los conceptos Ofensor Sexual Tipo I, II y III, las cuales están mayormente dirigidos a crímenes cuyas víctimas son personas menores de edad.(15)
Sin embargo, el propósito del Registro se ha mantenido desde su origen, por lo que no debe interpretarse que la intención legislativa fue dejar desprovistos de este tipo de protección a las personas que fueron víctimas de delitos sexuales y que no son clasificadas como menores de edad, independiente de que no se haya contemplado una categoría de ofensor sexual para estas personas. Ello, resulta cónsono con que las personas convictas por la comisión de delitos lascivos o impúdicos en contra de un adulto, están obligadas a inscribirse en el Registro, desde que se constituyó.(16) La nueva Ley Núm. 243-2011 no ha cambiado tal obligación. A tales efectos, el Art. 2 de la Ley Núm. 243-2011 enmendó el Art. 3 de la Ley Núm. 266-2004 para que lea como sigue:
Se crea y se provee para el mantenimiento de un Registro de Personas Convictas por Delitos Sexuales y Abuso Contra Menores en el Sistema de Información de Justicia Criminal. Serán registradas en el mismo:
(a) Los Ofensores Sexuales Tipo I, los Ofensores Sexuales Tipo II y los Ofensores Sexuales Tipo III.
(b) Las personas que hayan sido o sean convictas por delitos similares, o sus tentativas o conspiraciones, a los enumerados en el Artículo 2 de esta Ley por un tribunal federal, estatal, extranjero o militar, y se les haya garantizado el debido proceso de ley en el país que fueron convictos, que se trasladen a Puerto Rico para establecer su residencia, o que por razón de trabajo o estudio se encuentren en Puerto Rico, aunque su intención no sea la de establecer domicilio en la Isla.
(c) Las personas convictas que disfruten de libertad bajo palabra, condicionada, libertad a prueba, o algún método alterno de cumplimiento de la pena de reclusión, por alguno de los *855 delitos o sus tentativas, según enumerados en el Artículo 2 de esta Ley.
(d) Las personas que al momento de la aprobación de esta Ley se encuentren recluidas o participando de algún programa de desvío, tratamiento o rehabilitación de la Administración de Corrección, o que posterior a la aprobación de esta Ley sean sometidos a dichos programas, por la comisión de alguno de los delitos enumerados o sus tentativas o conspiraciones en el Artículo 2 de esta Ley. Disponiéndose que en estos casos, una vez el acusado cumpla con las condiciones impuestas por el Tribunal, y éste ordene el sobreseimiento de la acción criminal, según lo disponen las leyes pertinentes a dichos programas, el Sistema eliminará la inscripción del acusado en el Registro aquí establecido.
(e) Quedarán registradas las personas que al momento de la aprobación de esta Ley, tenían la obligación de registrarse bajo la Ley 28-1997, según enmendada.
(f) Las personas que hayan sido convictas por cualquier delito de los enumerados en el Artículo 2 de esta Ley, que ya extinguieron la pena impuesta y no se encuentren registrados ni cumpliendo pena alguna por dichos delitos, si resultan convictas por la comisión de cualquier delito grave que no sea un delito sexual de los enumerados en el Artículo 2 de esta Ley. No obstante, en estos casos, se acreditará para efectos de la duración de la inscripción en el Registro, el tiempo transcurrido desde el cumplimiento de su sentencia, o método alterno de cumplimiento de la pena de reclusión, hasta su inclusión en el Registro aquí establecido.
(g) Las personas que hayan sido convictas por cualquiera de los delitos enumerados en el Artículo 2 de esta Ley y hagan alegación de culpabilidad por cualquiera de los delitos o sus tentativas o conspiración. En estos casos será compulsorio y no objeto de alegaciones pre-acordadas, el ingreso de la persona convicta al Registro. (Enfasis suplido). 4 LPRA sec. 536a.
Tras una lectura del texto de la Ley Núm. 243-2011, se observa que las personas convictas, obligadas a inscribirse en el Registro, no son únicamente aquellas comprendidas bajo la categoría de Ofensores Sexuales Tipo I, II y III. Además de éstos, la ley exige que se incluyan en el Registro a las personas convictas por los delitos enumerados en el Art. 2. En el referido artículo se define lo que constituye el delito específico contra menor de edad, el delito sexual, el ofensor sexual, sea tipo I, tipo II o tipo III.
*856 Al definir el término de “delito sexual”, en el Art. 2 se contemplan los casos en que las víctimas son personas menores de edad y cuando estas son personas adultas. El “delito sexual” incluye, en lo pertinente:
(3) “Delito Sexual”—En general, excepto por lo dispuesto en los sub-incisos (a) y (b), incluye lo siguiente:

(i) un delito que tenga como elemento constitutivo un acto sexual o conducta sexual con otra persona;

(ii) un delito específico contra un menor de edad;
Disponiéndose que:
(b) Un delito que incluya conducta sexual consentida no es un delito sexual para propósitos de esta Ley, si la víctima es un adulto, a menos que dicho adulto esté bajo la custodia legítima del ofensor al momento del delito. (Enfasis suplido).(17)
De lo expuesto surge que el “delito sexual” incluye aquel “que tenga como elemento constitutivo un acto sexual o conducta sexual con otra persona”. (Enfasis suplido). 4 LPRA see. 536(3). Por lo tanto, se entiende que en esta definición está incluida cualquier persona que no sea menor de edad, a menos que se trate de conducta consentida, siempre y cuando el adulto no esté bajo la custodia legítima de su ofensor. Nótese que la Asamblea Legislativa estableció un inciso específico y aparte para víctimas que son menores de edad.
Al constituirse el “delito sexual” con actos o conducta sexual contra otra persona es sencillo razonar que en esta definición se incluyó el delito de actos lascivos o impúdicos, al igual que cualquier otro delito de naturaleza sexual en contra de un adulto, siempre y cuando no aplique la excepción antes discutida.
Como consecuencia, mediante la Ley Núm. 243-2011 deben registrarse las personas convictas por actos o conducta sexual contra otra persona que sea mayor de edad o las que *857 incurran en delitos específicos contra un menor de edad. Las personas así convictas son ofensores sexuales. En lo particular, se incluye a quienes: (1) estén recluidos o participando de algún programa de desvío, tratamiento o rehabilitación de la Administración de Corrección, o que posterior a la aprobación de la Ley Núm. 243-2011 sean sometidos a esos programas;(18) (2) disfruten de libertad bajo palabra, condicionada, libertad a prueba, o algún método alterno de cumplimiento de la pena de reclusión;(19) (3) hagan alegación de culpabilidad,(20) entre otras.
Además, la ley establece claramente que se mantendrán en el Registro aquellas personas obligadas a inscribirse mediante la Ley Núm. 28-1997, según enmendada, en donde se incluye, tal como se indicó anteriormente, las que resulten convictas por actos lascivos o impúdicos de acuerdo con el Art. 105 del derogado Código Penal de 1974.(21)
Igualmente, al amparo de las definiciones que provee la Ley Núm. 243-2011 en cuanto la término “ofensor sexual” —tipo I, tipo II y tipo III— se incluye la conducta sexual delictiva contra adultos. Cónsono con esto, la Ley Núm. 243-2011 definió al ofensor sexual como “aquel individuo que ha sido convicto por un delito sexual o su tentativa o conspiración”. 4 LPRA see. 536(7). Así, el estatuto no estableció una edad específica de la víctima para que una persona convicta sea considerada como ofensor sexual, lo determinante es que haya cometido un delito sexual contra otra persona. Esto, distinto a los conceptos Ofensores Sexuales Tipos I, II y III, en donde la mayoría de sus incisos se establecen como víctimas a personas menores de edad.
*858 Por todo lo anterior, concluyo que el delito de actos lascivos o impúdicos en contra de un adulto está contemplado en la definición de delitos sexuales. La Ley Núm. 243-2011 no eliminó el delito de actos lascivos o impúdicos cometidos en contra de un adulto de la lista de delitos que obligan a la persona convicta a inscribirse en el Registro. Se ha reiterado que “cuando el legislador se ha manifestado en lenguaje claro e inequívoco, el texto de la ley es la expresión por excelencia de toda intención legislativa”. Pueblo v. De Jesús Delgado, 155 DPR 930, 941 (2001); Pueblo v. Rexach Benítez, 130 DPR 273, 302 (1992). Una interpretación contraria obviaría que la Ley Núm. 243-2011 no alteró la política pública de proteger a todos los sectores de la sociedad de delitos sexuales. Por el contrario, el legislador expresamente reiteró en la Exposición de Motivos de la Ley Núm. 243-2011, supra, su objetivo de “fortalecer y aumentar la efectividad del registro para la seguridad del público”.
Aclarado que la Ley Núm. 243-2011 no eliminó el delito de actos lascivos o impúdicos de la lista de los que deben registrarse, es necesario analizar si el señor Placer Román tiene derecho a ser eliminado del Registro.
III
La Ley Núm. 243-2011 dispone que la eliminación del Registro no es automática y ésta debe ser autorizada por el foro judicial correspondiente. De igual forma, establece que el término mínimo que una persona debe estar registrada es de diez años. 4 LPRA sec. 536c. Asimismo, la Ley Núm. 243-2011 introdujo otra enmienda con relación al cómputo del periodo que debe estar registrada la persona convicta.
A tales efectos, el término de inclusión en el Registro comenzará a contar desde que el ofensor sexual sea excarcelado tras cumplir su sentencia.(22) Sin embargo, en los *859 casos en que la persona convicta cumpla su sentencia en la libre comunidad, bajo el beneficio de libertad a prueba, libertad bajo palabra, programa de desvío, tratamiento o rehabilitación, el término de inscripción comenzará a transcurrir desde que se emitió la sentencia, resolución o determinación para participar en esos programas y se notifique su inclusión al Registro.(23) Por consiguiente, mediante esta enmienda se armoniza la forma de computar el periodo de inscripción en el Registro con lo establecido en la Ley Núm. 28-1997. Es decir, el nuevo estatuto revierte la forma de cumplir la obligación a dos instancias. La primera, cuando el ofensor sexual está encarcelado, deberá registrarse una vez cumpla la sentencia por el periodo dispuesto en el estatuto. Empero, cuando éste disfruta del privilegio de cumplir la pena en libertad bajo palabra, programa de desvío, tratamiento o rehabilitación, su obligación de inscribirse en el Registro comienza desde que goza de ese privilegio.
Es por esto que el Estado alega que el peticionario debe permanecer inscrito en el Registro desde que se emitió la sentencia en 1999, a partir de que éste fue puesto en libertad a prueba. No obstante, el Estado aduce que la inscripción debe durar veinticinco años debido a que sostiene que el señor Placer Román es un Ofensor Sexual Tipo II. (24) Sin embargo, la ley establece que el “Ofensor Sexual Tipo II” es aquel que resulte convicto por ciertos delitos, la tentativa de éstos o su conspiración “cuando la víctima es un menor de edad”. (Énfasis suplido). 4 LPRA see. 536(9). De esta forma, cuando el estatuto hace referencia al delito de actos lascivos o impúdicos en cualquiera de las modalidades contempladas en el Código Penal de 1974 es cuando la víctima es menor de dieciocho años.(25)
*860 Ante tal realidad, y siendo la víctima en el caso de autos un mayor de edad, no estamos ante un Ofensor Sexual Tipo II, pues esta definición solo incluye el delito de actos lascivos, su tentativa o conspiración cuando la víctima es menor de edad. Por ende, la alegación del Estado de que el señor Placer Román tiene la obligación de registrarse por un término de veinticinco años es errónea.
IV
De acuerdo con el derecho discutido, la Ley Núm. 243-2011 requiere que se mantengan en el registro aquellas personas que debían estar inscritas al amparo de la derogada Ley Núm. 28-1997, justo cuando se promulgó esta nueva ley. En el caso del señor Placer Román, éste tenía la obligación de estar registrado por haber cometido el delito de actos lascivos contra un adulto por el término de diez años desde que gozó del privilegio de libertad a prueba. Igual obligación le impuso la Ley Núm. 243-2011 al requerir la inscripción de ofensores sexuales como el señor Placer Román y al imponer la obligación de que se registrasen todas las personas obligadas por la Ley Núm. 28-1997.
De acuerdo con la Ley Núm. 28-1997, éste habría cumplido con el término estatutario de inscripción en el Registro en diciembre de 2009. De igual forma, con la aprobación de la Ley Núm. 243-2011 se enmendó la Ley Núm. 266-2004 a los fines de disponer que cuando la persona disfrute de los beneficios de libertad a prueba el término de inclusión en el Registro se computa desde la determinación para que la persona convicta participe en el programa. Por lo tanto, el peticionario cumplió en exceso el término de diez años que le requería la Ley Núm. 28-1997 e incluso un *861 término mayor al término mínimo que dispone la Ley Núm. 243-2011.(26)
Por consiguiente, al aplicar esta disposición al presente caso, se observa que el señor Placer Román no está obligado a permanecer en el Registro y que su nombre debe ser eliminado.
Así pues, conforme dispone la Ley Núm. 243-2011, una vez el acusado cumple con las condiciones procede que se elimine la inscripción en el Registro.(27) Por lo tanto, existe un deber ministerial de eliminar el nombre y la información del señor Placer Román del Registro.
V
Por los fundamentos expuestos, concluyo que la Ley Núm. 243-2011 no eliminó la obligación de inscribirse en el Registro a aquellas personas que cometen actos lascivos o impúdicos contra un adulto. No obstante, estoy de acuerdo con que procede el mandamus para ordenar que el señor Placer Román sea eliminado del Registro por los fundamentos expuestos.

 Para conocer los elementos del delito por el cual fue sentenciado el peticionario, debemos dirigimos al Art. 105(d) del Código Penal de 1974, que lee como sigue:

“Art. 105. Actos lascivos o impúdicos

“Toda persona que sin intentar consumar acceso camal cometiere cualquier acto impúdico o lascivo con otra será sancionada con pena de reclusión según más adelante se dispone si concurrieran cualesquiera de las siguientes modalidades:
“(d) Si la víctima fuere compelida al acto mediante el empleo de medios engañosos que anulen o disminuyan sustancialmente, sin su conocimiento, su capacidad de resistencia”. 33 LPRA see. 4067 (ed. 2001).

 Mediante una Certificación de Expiración de Libertad a Prueba expedida el 9 de febrero de 2006, la Administración de Corrección hizo constar que el señor Placer Román disfrutó de libertad a pmeba desde el 27 de diciembre de 1999. Igualmente, se certificó que el periodo de la libertad a prueba expiró el 29 de diciembre de 2005, habiéndose cumplido así con la sentencia.

 La Ley Núm. 28-1997 fue derogada con la aprobación de la Ley Núm. 266-2004 (4 LPRA sec. 536 et seq.).

 Reglamento para el Registro de Personas Convictas por Delitos Sexuales y Abuso contra Menores, Ley Núm. 266 de 9 de septiembre de 2004, Reglamento Núm. 7131, Policía de Puerto Rico, 2006.

 Para una discusión de las excepciones al requerimiento, véanse: Noriega v. Hernández Colón, 135 DPR 406, 448 (1994); Espina v. Calderón, Juez, y Sucn. Espina, Int., 75 DPR 76 (1953); Martínez Nadal v. Saldaña, 33 DPR 721 (1924).

 El Reglamento Núm. 7131 fue derogado por el Reglamento Núm. 8447 aprobado el 28 de enero de 2014, Reglamento para el Registro de Personas Convictas por Delitos Sexuales y Abuso contra Menores. Este fue posterior al recurso de autos. No obstante, acoge los cambios introducidos por la Ley Núm. 243-2011, infra. Sin embargo, tampoco dispone un proceso para solicitar la eliminación del Registro. Ello, pues ésta no es automática y será ordenada por un tribunal de acuerdo con las disposiciones de la Ley Núm. 243-2011.

 Esta legislación se adoptó a la luz de la ley federal Jacob Wetterling Crimes Against Children and Sexually Violent Offender Reistration Act, 42 USC sec. 14071 et seq. Mediante esa ley se recomendaba a los estados y a los territorios de Estados Unidos crear un registro, con el propósito de que las personas convictas por cometer ciertos delitos sexuales y contra menores estuviesen obligadas a inscribirse antes de reintegrarse a la libre comunidad. Véase Segundo Informe del P. de la C. 540, 19 de junio de 1997, lera Sesión Ordinaria, 13era Asamblea Legislativa, pág. 10.

 Según la exposición de motivos esta legislación se adoptó para cumplir con unas guías de una legislación federal que requería el registro de personas convictas de delitos sexuales y de abuso de los menores, una vez la persona se reintegrara a la libre comunidad:
“La Ley Pública Núm. 103-322 de 13 de septiembre de 1994, mejor conocida como ‘Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Program’, requiere que los estados, incluyendo a Puerto Rico, adopten legislación a fin de que las personas convictas por cierto tipo de delito de naturaleza sexual y contra menores cumplan con la obligación de incluir su información en un registro creado para esos fines; esto por un término de por lo menos diez (10) años. El propósito primordial de esta legislación federal es proteger a la ciudadanía de los convictos de delitos sexuales y de aquéllos que abusan contra menores mediante el establecimiento del requisito de registrarse cuando el convicto se reintegre a la libre comunidad”.

 4 LPRA ant. sec. 536a, según enmendado.

 4 LPRA ant. sec. 536c.

 Es importante aclarar que ni de la Exposición de Motivos ni del historial legislativo surge el fundamento de la Asamblea Legislativa para establecer el cómputo del periodo de los diez años a partir de que se cumpla la sentencia impuesta, sin contemplar un cómputo distinto para las personas convictas acogidas al beneficio de sentencias suspendidas al Registro. No obstante, del historial legislativo y la Exposición de Motivos se puede concluir que lo anterior es un contrasentido, pues permite que una persona convicta por delitos sexuales o abuso contra menores esté en la libre comunidad, bajo el beneficio de libertad a prueba o libertad bajo palabra sin estar obligada a inscribirse en el Registro. Sin duda alguna, de esta forma se derrota el propósito de la Ley Núm. 266-2004 que es mantener informada a la ciudadanía sobre las personas convictas de los delitos mencionados una vez se han integrado a la libre comunidad. No obstante, la Asamblea Legislativa atendió esta situación al promulgar la Ley Núm. 243-2011, según expondremos más adelante.

 Véase Exposición de Motivos de la Ley Núm. 243-2011 (2011 (Parte 3) Leyes de Puerto Rico 2786).

 El Art. 15 establece que “[e]sta Ley comenzará a regir [sic] inmediatamente después de su aprobación. Los incisos (f) y (g) del Art. 4 tendrán efecto prospectivo. Las demás disposiciones podrán tener efecto retroactivo”. 4 LPRA see. 536 n.

 Informe positivo sobre el Sustitutivo del Senado al P. del S. 769, P. del S. 771, P. de la C. 89, P. de la C. 740, P. de la C. 1298 y P. de la C. 1953, Cámara de Representantes de 10 de noviembre de 2011, 5ta Sesión Ordinaria, 16ta Asamblea Legislativa.

 Menor de edad se define como “toda persona que no haya cumplido los dieciocho (18) años de edad”. 4 LPRA sec. 536(11).

 Véanse: Art. 3(a) de la Ley Núm. 28-1997 (4 LPRA ant. sec. 535a(a)), y Art. 3(a) de la Ley Núm. 266-2004 (4 LPRA ant. sec. 536a(a)).

 Art. 1 de la Ley Núm. 243-2011, que enmienda el Art. 2 de la Ley Núm. 266-2004 (4 LPRA see. 536).

 Véase 4 LPRA sec. 536a (d).

 Véase 4 LPRA sec. 536a(c).

 Véase 4 LPRA sec. 536a(g).

 Véase 4 LPRA sec. 536a (e). Entendemos que esta disposición resultaba suficiente para determinar si el señor Placer Román debía inscribirse en el Registro sin necesidad de abordar cuáles delitos son los que requieren inscripción al amparo de la Ley Núm. 243-2011.

 Véase 4 LPRA sec. 536c.

 íd.

 íd.

 Advertimos que el señor Placer Román tampoco es un Ofensor Sexual Tipo I y mucho menos Tipo III, ya que éste solo incluye a personas convictas por actos *860 lascivos o impúdicos cuando la víctima no ha cumplido los dieciséis años de edad. Véanse 4 LPRA sec. 536(10)(a) y (c).

 Recordemos que la Ley Núm. 243-2011 no contempla un término por el cual los ofensores sexuales obligados a registrarse bajo la Ley Núm. 28-1997 deben registrarse y tampoco establece una categoría para aquellos que no fueron incluidos en una de las tres categorías definidas en el estatuto, como lo es el caso de actos lascivos e impúdicos contra un adulto. Siendo ello así, entiendo que ante esa laguna a las personas convictas en estas circunstancias el cómputo que aplica es el impuesto por la Ley Núm. 28-1997.

 Véase 4 LPRA sec. 536b.