Mariano Rodríguez Rosario, peticionario, *v.* Corte de Distrito de Arecibo, Hon. R. Agrait Aldea, Juez, recurrido.

Núm. 316.—*Sometido:* Junio 23, 1938. *Resuelto:* Julio 20, 1938.

*Angel Rodríguez Escobar,* abogado del peticionario; *Luis Janer, Fiscal Auxiliar,* abogado del recurrido.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

El 25 de septiembre de 1936 se presentó en la Corte de Distrito de Arecibo una acusación contra Mariano Rodríguez Rosario, el peticionario en este caso, por un delito de homicidio involuntario. El 26 del mes siguiente se procedió a la lectura de la acusación, la que fué contestada por el acusado haciendo alegación de no culpable y solicitando a la vez juicio por jurado.

Alegando que hasta la fecha no se ha celebrado el juicio, que éste nunca se ha transferido o suspendido a petición suya y que ha estado en todo tiempo dispuesto a someterse a juicio, *manteniendo y reclamando su derecho a un juicio rápido* en dicha causa, presentó el 23 del mes pasado una petición de *mandamus* contra el juez de la corte antes mencionada, para que por este tribunal se le ordene el sobreseimiento de la causa antes aludida.

Las alegaciones de la petición de *mandamus* son tan fuertes, acusan tal menosprecio de los derechos constitucionales del acusado, que el día siguiente a su radicación este tribunal expidió una orden dirigida al Juez de la Corte de Distrito de Arecibo requiriéndole para que en la sesión de este tribunal que habría de celebrarse el 5 del actual, a las dos de la tarde, compareciera a exponer las razones que existieran para que no se expidiese la orden perentoria de *mandamus* solicitada por el peticionario.

El día 2 del actual radicó su contestación jurada el juez demandado y de ella y de los *exhibits* que acompaña resulta: que la acusación fué leída el 20 de octubre de 1936 y fué señalado el juicio para el día primero de diciembre siguiente, lo que no tuvo efecto por no haberse podido localizar al acusado. Señalóse nuevamente el juicio para el 4 de febrero

de 1937 y todas las diligencias que se hicieron para localizar al acusado fueron también infructuosas, informando por carta de esa misma fecha uno de los fiadores, don Virgilio del Pozo, que no habían podido localizar al acusado y que el otro fiador, don Joaquín Rosa, se hallaba aquel día en San Juan haciendo gestiones para conseguirlo y presentarlo inmediatamente ante la corte. Aparece además de los autos una comunicación del márshal de la Corte Municipal de Manatí, de primero de junio de 1938, en la que informa al márshal de la Corte de Distrito de Arecibo que todas sus gestiones para citar al acusado habían resultado infructuosas, devolviendo sin cumplimentar la orden de citación que se le había enviado contra el acusado.

De la propia petición de *mandamus* (párrafo 3) aparece señalado el juicio para el 20 del mes pasado, que el peticionario fué notificado el 17 de dicho mes por uno de sus fiadores y que entonces, désplegando una actividad que hasta la fecha no había demostrado, el mismo 17 de junio de 1938 radicó una moción de archivo y sobreseimiento, invocando el inciso 2 del artículo 448 del Código de Enjuiciamiento Criminal. Resulta además que no se solicitó el señalamiento de dicha moción para una fecha anterior a la dispuesta para la celebración del juicio, sino que el mismo día 20 de junio pidió que se llamase a la vista de su moción y la corte la denegó de plano y se dispuso a celebrar el juicio, solicitando entonces el acusado la suspensión del mismo, siendo señalado para el 12 de septiembre próximo.

La exposición de hechos que precede es la mejor contestación que puede darse a la petición de *mandamus*. El recurso de *mandamus,* aunque es un remedio en ley, participa de la índole de los remedios de equidad y para que pueda concederse es preciso que el que lo solicita no solamente tenga un derecho claro al remedio, si que también venga a la corte con las manos limpias. En este caso, ya hemos podido apreciar la conducta del acusado, evadiendo la celebración del juicio y obstaculizando así la pronta administración de justicia.

No es el propósito del artículo 448 del Código de Enjuiciamiento Criminal premiar a aquéllos que como el acusado en este caso se ocultan de la justicia para luego solicitar el sobreseimiento, imputando al tribunal una negligencia de la cual son ellos los únicos responsables. Así pareció.entenderlo el acusado, cuando en su petición de *mandamus* falsamente asegura que siempre ha estado "manteniendo y reclamando su derecho a un juicio rápido en esta causa."

No abrigamos duda alguna de que ha existido justa causa para la no celebración del juicio dentro de los ciento veinte días siguientes a la presentación de la acusación. *Procede, por consiguiente, desestimar la petición de mandamus.*