976

Víctor Maldonado, demandante y apelante, *v.* Programa de Emergencia de Guerra, Manuel A. Pérez, Administrador, y A. Mercado Reverón, Jefe de Nóminas, demandados y apelados.

Núm. 9684.—*Sometido:* Junio 2, 1948. *Resuelto:* Junio 22, 1948.

*Benigno Dávila,* abogado del apelante; *Hon. Procurador General Luis Negrón Fernández y Carlos Santana Becerra, Procurador General Auxiliar,* abogados de los apelados.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

Víctor Maldonado radicó una petición de *mandamus* contra Manuel A. Pérez, Administrador del Programa de Emergencia de Guerra, y A. Mercado Reverón, Jefe de su Sección de Nóminas, solicitando se les ordenase tomasen los pasos necesarios para que se le pagara la suma de $552.42. La controversia gira en torno a un contrato en virtud del cual el PEG convino en pagarle al peticionario $12 diarios por el arrendamiento de un camión. Luego de un juicio en los méritos, la corte inferior dictó sentencia a favor de los demandados, y el peticionario ha apelado.

La prueba demuestra que el Superintendente del proyecto en que se utilizaría el camión convino con el peticio-

nario el arrendamiento del mismo. Sin embargo, toda la documentación con respecto al convenio fué tramitada a nombre de Luz M. Dávila, a cuyo nombre aparecía inscrito el camión en el Departamento del Interior. Y un pago parcial por el arrendamiento del camión fué hecho mediante cheques a favor de Dávila, siendo endosados por éste y cambiados por el peticionario. Luego, al descubrirse que Dávila era empleado del PEG en otro proyecto y por ende le estaba prohibido por ley celebrar contratos con el gobierno, surgió el peticionario alegando que en realidad de verdad el camión era de su pertenencia y por consiguiente tenía derecho a recibir los cánones de su arrendamiento.

Suponemos, sin decidirlo, que éste no es en sustancia una acción en cobro de dinero contra El Pueblo de Puerto Rico, que no ha dado su consentimiento para que se le demande. Cf. *Valiente & Co.* v. *Cuevas, Comisionado,* 65 D.P.R. 181; *Abella* v. *Tugwell, Gobernador,* ante, pág. 464; *Méndez* v. *Buscaglia, Tes.,* 64 D.P.R. 743. Pero el mandamus sólo procede para ordenar se realice un deber ministerial. Es cierto que Dávila, padre político del peticionario, declaró que el camión pertenecía a éste y que él había firmado todos los documentos y endosado los cheques a solicitud del peticionario. Pero Dávila no es parte en este procedimiento. Por consiguiente, la sentencia que se dicte en este caso no puede obligarlo en forma alguna. Y del récord surge que el PEG tiene un contrato con él y no con el peticionario. No nos detenemos a determinar si existe algún procedimiento mediante el cual el peticionario pueda reformar su contrato para que éste contenga las verdaderas partes interesadas. La cuestión es que el PEG, habiendo contratado con Dávila, como cuestión de récord, los demandados no tienen el deber ministerial de determinar que Maldonado era el que tenía el derecho de recibir el pago bajo el contrato. Por tanto, convenimos con la corte inferior en

que no existe deber ministerial alguno a realizarse por los demandados para que proceda el mandamus.

 Existe además un motivo adicional por el cual no podemos expedir el mandamus. Al preguntársele por qué inscribió el camión a nombre de su padre político y no en el suyo propio, el peticionario declaró que estaba tratando de obtener una prioridad para un camión nuevo y temía que si inscribía este camión a su nombre no se le concedería la prioridad para el otro. Es obvio que sus manos no estaban limpias. En consecuencia, no tenía derecho a invocar el remedio discrecional en equidad del mandamus para solucionar su problema. *Abella* v. *Tugwell, Gobernador,* supra.

*La sentencia de la corte de distrito será confirmada.*

El Juez Asociado Sr. De Jesús no intervino.