Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| ISRAEL O. CRESPO ORTIZ<br><br>Recurrente<br><br>v.<br><br>JUNTA DE LIBERTAD BAJO PALABRA<br><br>Recurrida | KLRA202300602 | *CERTIORARI*<br>Procedente de la Junta de Libertad Bajo Palabra<br><br>Caso Núm.:<br>145718 |

Panel integrado por su presidenta, la Jueza Santiago Calderón, la Jueza Álvarez Esnard y la Jueza Aldebol Mora[1]

Álvarez Esnard, jueza ponente

### SENTENCIA

En San Juan, Puerto Rico, a 20 de febrero de 2024.

Comparece ante nos el señor Israel O. Crespo Ortiz ("Sr. Crespo Ortiz" o "Recurrente"), por derecho propio e *in forma pauperis,* mediante escrito intitulado *Moción solicitando auto de mandamus* presentado el 21 de noviembre de 2023. El Sr. Crespo Ortiz insta el presente recurso con el propósito de que la Junta de Libertad bajo Palabra ("la Junta") cumpla con su deber ministerial de atender la solicitud de reconsideración instada por este desde el 25 de abril de 2022, según fue ordenado por este Tribunal de Apelaciones mediante *Sentencia* emitida el 12 de agosto de 2022, notificada el 15 del mismo mes y año, en el caso KLRA202200315. En vista de dicha petición, acogemos el presente recurso como uno de *mandamus,* sin alterar su designación alfanumérica.

Por los fundamentos expuestos a continuación, **desestimamos** el auto de *mandamus.*

---

[1] Mediante Orden Administrativa OATA-2023-208 se designa a la Hon. Waleska I. Aldebol Mora para entender y votar en el recurso.

**I.**

Con el fin de lograr una mejor comprensión al recurso de autos, procedemos a exponer un resumen de las incidencias procesales más importantes. Veamos.

Según surge del expediente, el 14 de marzo de 2022, se celebró una vista ante la Junta, a los fines de evaluar y considerar al Recurrente para la concesión del privilegio de la libertad bajo palabra. Luego de evaluada la prueba ante sí, el 25 de marzo de 2022, la Junta emitió *Resolución*[2] en la que determinó no concederle el privilegio de la libertad bajo palabra al Recurrente. No obstante, informó al Recurrente que el caso volvería a ser revaluado en el mes de marzo de 2023, fecha en la que el Departamento de Corrección y Rehabilitación ("Departamento de Corrección"), debía someter un *Informe de ajuste y progreso*, con el plan de salida debidamente corroborado, así como una evaluación psicológica actualizada.

En desacuerdo con tal determinación, el Recurrente presentó una solicitud de reconsideración. Mediante *Resolución*[3] emitida el 23 de mayo de 2022, la Junta se declaró sin jurisdicción para atender la solicitud de reconsideración, puesto que entendió había sido presenta fuera del término establecido en el Artículo XV, Sección 15.1 del *Reglamento de la Junta de Libertad Bajo Palabra*, Reglamento Núm. 9232 de 18 de noviembre de 2020.

Inconforme aún, el Recurrente acudió ante esta Curia mediante recurso de revisión judicial (KLRA202200315).[4] El 12 de agosto de 2022, notificada el 15 del mismo mes y año, este Tribunal de Apelaciones dictó *Sentencia,* en la que desestimó el recurso, por ser uno prematuro. Estimó que la solicitud de reconsideración había sido presentada dentro del término de consideración

---

[2] Apéndice de la *Moción en Cumplimiento de Orden* presentada por la parte Recurrida, págs. 156-159.
[3] *Íd,* págs. 150-151.
[4] Véase KLRA202200315.

correspondiente a la Junta, por lo que, devolvió el caso ante la agencia para atender los méritos de la solicitud.

Devuelto el caso ante la agencia, el 24 de abril de 2023, la Junta emitió *Resolución Interlocutoria.*[5] Mediante esta, señaló que el Recurrente no había podido ser evaluado para la concesión del privilegio, toda vez que el Departamento de Corrección no había remitido la información solicitada. Por tanto, concedió un término de noventa (90) días al Departamento de Corrección para que remitiera los documentos requeridos, a los fines de poner en posición a la Junta de evaluar la solicitud del Sr. Crespo Ortiz. A su vez, señaló que el caso volvería a ser evaluado al recibo de la información solicitada o en el mes de agosto 2023, lo que ocurra primero.

Posteriormente, **el 3 de julio de 2023,** el Recurrente presentó ante este Tribunal de Apelaciones un escrito intitulado *Moción solicitando auto de mandamus,* en el que peticionó que se ordenara a la Junta a cumplir con la *Sentencia* dictada por este Tribunal de Apelaciones el 12 de agosto de 2022 y atendiera los méritos de la solicitud de reconsideración presentada desde abril del mismo año. **Cabe destacar que este documento fue recibido por esta Curia el 21 de noviembre de 2023.**

En el ínterin del trámite administrativo y luego de presentado el recurso que hoy nos concierne, el **9 de agosto de 2023**, notificada el **7 de septiembre del mismo año**, la Junta emitió *Resolución.*[6] Por virtud de esta, informó que aún el Departamento de Corrección no había suministrado la información requerida. Así, ordenó suspender la determinación emitida en el caso por un término de sesenta (60) días, con el propósito de contar con la información completa para evaluar el caso del Recurrente.

---

[5] Apéndice de la *Moción en Cumplimiento de Orden,* págs.119-120.
[6] *Íd,* págs. 104-105.

Según surge del expediente, con fecha de **29 de noviembre de 2023**, se realizó una evaluación psicológica ("Phychological Evaluation") del Recurrente.[7] Así las cosas, el **12 de diciembre de 2023**, la agencia recurrida emitió *Resolución* en la que suspendió la determinación del presente caso por un término de treinta (30) días. Además, notificó que **volvería a considerar el caso al recibo de la información o en enero 2024, lo que ocurra primero**.

Transcurridos varios trámites procesales ante esta Curia por la presentación del recurso de epígrafe, el 22 de enero de 2024, la Junta, por conducto de la Oficina del Procurador General de Puerto Rico presentó *Escrito en cumplimiento de orden y solicitud de desestimación*. Posteriormente, el 12 de febrero de 2024, el Recurrente presentó un escrito intitulado *Réplica "Escrito en cumplimiento de orden y solicitud de desestimación"*.

Contando con el beneficio de la comparecencia de las partes, procedemos a exponer la normativa jurídica aplicable al caso ante nuestra consideración.

## II.
### A. El auto de mandamus

El auto de *mandamus,* es un recurso altamente privilegiado y discrecional que se expide para ordenar a cualquier persona natural, corporación o a un tribunal de inferior jerarquía que cumpla o ejecute un acto que forma parte de sus deberes y atribuciones. Art. 649 del Código de Enjuiciamiento Civil, 32 LPRA, sec. 3421. "[A]unque es un remedio en ley, participa de la índole de los de equidad". *Rodríguez v. Corte*, 53 DPR 575, 577 (1938). Véanse, además, *Maldonado v. Programa Emergencia de Guerra*, 68 DPR 976 (1948); D. Rivé Rivera, *Recursos Extraordinarios*, 2da ed., San Juan, Programa de Educación Legal Continuada de la Universidad Interamericana de Puerto Rico, Facultad de Derecho, 1996, pág.

---

[7] *Íd*, págs. 81-86.

111. Por consiguiente, algunos principios rectores de los recursos de equidad, como los que gobiernan el *injunction*, son aplicables al auto de *mandamus*.  D. Rivé Rivera, *op. cit.,* pág. 111.

Este recurso sólo procede para exigir el cumplimiento de un deber impuesto por la ley, es decir de un deber calificado de "ministerial" y que, como tal, no admite discreción en su ejercicio, sino que es mandatorio e imperativo. *Álvarez de Choudens v. Tribunal Superior*, 103 DPR 235, 242 (1974). Véase, además, D. Rivé Rivera, *op. cit.,* pág. 107.  El requisito fundamental para expedir el recurso de *mandamus* reside, pues, en la constancia de un deber claramente definido que debe ser ejecutado. *Partido Popular v. Junta de Elecciones*, 62 DPR 745, 749 (1944).  Es decir, "la ley no sólo debe autorizar, sino exigir la acción requerida".  R. Hernández Colón, Derecho Procesal Civil, 6ta ed., San Juan, Ed. LexisNexis de Puerto Rico, 2017, sec. 5803, pág. 605.

Si la ley prescribe y define el deber, será cumplido con tal precisión y certeza que nada deja al ejercicio de la discreción o juicio, el acto es uno ministerial. *Álvarez de Choudens v. Tribunal Superior*, *supra,* pág. 242; *Rodríguez Carlo v. García Ramírez*, 35 DPR 381, 384 (1926); *Pagán v. Towner*, 35 DPR 1 (1926).  Debe tratarse de un mandato específico que la parte demandada tiene que cumplir y que no le permite decidir si cumple o no el acto solicitado. *A contrario sensu,* cuando la ejecución del acto o la acción que se describe depende de la discreción o juicio del funcionario, tal deber es considerado como no ministerial. *Íd.*  Por consiguiente, los deberes discrecionales quedan fuera del ámbito del recurso de *mandamus. Partido Popular v. Junta de Elecciones, supra.* En aquellos casos en los que el deber no surja expresamente de la ley, los tribunales tendrán la función de interpretar el estatuto y emitir su determinación final, conforme a los principios de hermenéutica

legal. *Hernández Agosto v. Romero Barceló*, 112 DPR 407, 418 (1982); *Banco de Ponce v. Srio. Hacienda,* 81 DPR 442, 450 (1959).

El auto de *mandamus,* como lo expresa la ley, es uno "altamente privilegiado". Esto significa que su expedición no se invoca como cuestión de derecho, sino que descansa en la sana discreción del foro judicial. *Ortiz v. Muñoz, Alcalde de Guayama*, 19 DPR 850 (1913). **Dicha expedición no procederá "en los casos en que se encuentre un recurso adecuado y eficaz en el curso ordinario de la ley. [...]".** Art. 651 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3423. Ello es así, "porque el objeto del auto no es reemplazar remedios legales sino suplir la falta de ellos". R. Hernández Colón, *op. cit.*, sec. 5802, pág. 605.

Como parte de los requisitos procesales indefectibles para presentar un recurso de *mandamus*, se ha reconocido que **debe existir un requerimiento previo por parte del peticionario hacia el demandado para que éste cumpla con el deber exigido, salvo algunas excepciones.** Véase, *Noriega v. Hernández Colón, supra,* págs. 448-449; *Dávila v. Superintendente de Elecciones*, 82 DPR 264 (1961). Algunas de estas excepciones son:

> 1) cuando aparece que el requerimiento hubiese sido inútil e infructuoso, pues hubiese sido denegado si se hubiera hecho; o 2) cuando el deber que se pretende exigir es uno de carácter público, a diferencia de uno de naturaleza particular, que afecta solamente el derecho del peticionario. (Escolios omitidos). D. Rivé Rivera, *op. cit.*, pág. 125. Véase, entre otros, *Noriega v. Hernández Colón,* supra*,* págs. 448-449.

El Tribunal de Apelaciones podrá conocer en primera instancia una petición de *mandamus.* Art. 4.006 (d) de la Ley Núm. 201-2003, conocida como la *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003,* 4 LPRA sec. 24y; Regla 55 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 55. Dicha petición se regirá por la reglamentación procesal civil, por las leyes especiales pertinentes y por las reglas aplicables del

Reglamento del Tribunal de Apelaciones. Regla 54 del Reglamento del Tribunal de Apelaciones, *supra*, R. 54. Como parte de los requisitos, la Regla 54 de Procedimiento Civil, 32 LPRA Ap. V R. 54, **exige que la petición de *mandamus* sea jurada.** En específico, la citada regla dispone que: *"[e]l auto de mandamus, tanto perentorio como alternativo, podrá obtenerse presentando una solicitud jurada al efecto. [...]"*. Además, nuestro ordenamiento requiere que la parte demandada sea emplazada, a tenor con las disposiciones de las Reglas de Procedimiento Civil y de las leyes pertinentes. Véase la Regla 55 (J) del Reglamento del Tribunal de Apelaciones, *supra*, R. 55 (J). Sin embargo, cuando se trate de una petición de *mandamus* dirigida a un juez o jueza bastará con que el peticionario le notifique con copia del escrito de *mandamus* en conformidad a lo dispuesto en la Regla 13 (B) de nuestro Reglamento, *supra*, R. 13 (B). *Íd.* A su vez, deberá notificarles a las demás partes del pleito que originó la petición de *mandamus* y al tribunal en el que se encuentre pendiente. *Íd.*

### III.

En la petición ante nos, el Sr. Crespo Ortiz nos solicita que expidamos el recurso de *mandamus,* a los fines de ordenarle a la Junta de Libertad Bajo Palabra que atienda la solicitud de reconsideración que instó desde abril de 2022, según fue ordenado por esta Curia mediante *Sentencia* emitida el 12 de agosto de 2022, notificada el 15 del mismo mes y año, en el caso KLRA202200315. Sin embargo, al examinar el recurso, notamos que la petición de *mandamus* no puede ser concedida y procede su desestimación.

Según hemos pormenorizado, el auto de *mandamus* es un recurso altamente privilegiado y discrecional. Nuestro ordenamiento jurídico exige que la parte promovente cumpla con ciertos requisitos procesales indefectibles para que el tribunal pueda considerarlo.

Conforme a estos requisitos, la petición de *mandamus* tiene que ser jurada, <u>lo cual no ocurrió en este caso.</u>

A su vez, como parte de los requisitos procesales indefectibles para presentar un recurso de *mandamus*, se ha reconocido que **debe existir un requerimiento previo por parte del peticionario para que se cumpla con el deber exigido.** *Noriega v. Hernández Colón, supra.* En este caso, el Recurrente fue evaluado para la concesión del privilegio de la libertad bajo palabra el 14 de marzo de 2022, en la que denegaron los beneficios solicitados. Luego de varias incidencias procesales, el 12 de agosto de 2022, este foro intermedio dictó *Sentencia* en la que se declaró sin jurisdicción sobre el asunto ante sí y devolvió el caso a la Junta para que atendiera los méritos de la solicitud de reconsideración instada por la parte Recurrente. Es meritorio señalar, que la Junta ha emitido diversos dictámenes en el que ha notificado que el caso del Recurrente esta en proceso de evaluación y no se ha podido adjudicar por la dilación del Departamento de Corrección en remitir la información solicitada a esos fines. Sin embargo, no surge del expediente que el Recurrente haya presentado algún requerimiento o alguna solicitud ante la Junta a los fines de cumplir con los requisitos ineludibles de la presentación del auto de *mandamus.* Somos del criterio que esto responde a que la agencia recurrida ha mantenido informado al recurrente del proceso de la evaluación de su petición de disfrutar del privilegio de la libertad bajo palabra.

Finalmente, debemos establecer que el aquí Recurrente se encuentra impedido de solicitar el auto de *mandamus* en este caso, puesto que tiene un remedio disponible en Ley para que se atienda su solicitud. La expedición del *mandamus* **no procederá** "en los casos en que se encuentre un recurso adecuado y eficaz en el curso ordinario de la ley. [...]". 32 LPRA sec. 3423. Como mencionamos, la solicitud del Recurrente esta siendo objeto de evaluación por la

agencia recurrida. En su *Resolución* emitida el 12 de diciembre de 2023, la agencia notificó que su caso sería revaluado en enero de 2024. **En el caso de no haberse emitido dicha evaluación conforme a la *Resolución* del 12 de diciembre de 2023, el Recurrente deberá hacer un requerimiento ante la Junta para exigir el cumplimiento de su deber de evaluar de manera definitiva su solicitud, antes de presentar ante este Tribunal un recurso de *mandamus*.**

Expuesto lo anterior, concluimos que el incumplimiento del Recurrente con los requisitos constitutivos del recurso discrecional y privilegiado del *mandamus* nos impide atender la presente petición. Por consiguiente, procede su desestimación. Esto es así, pues la falta de cumplimiento con los requisitos procesales para presentar la petición nos priva de jurisdicción para evaluar su solicitud.

**IV.**

Por los fundamentos antes expuestos, **desestimamos** la petición de *mandamus,* por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones