ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
*PANEL III*

| | | |
|---|---|---|
| ANGEL L. MARTÍNEZ REYES<br><br>    Peticionario<br><br>    v.<br><br>JUNTA DE LIBERTAD BAJO PALABRA<br><br>    Recurrido | **KLRX202400011** | *MANDAMUS procedente* del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Crim. Núm.: D LA1994G1871<br><br>Sobre: Art. 8 LA |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

Bonilla Ortiz, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 28 de junio de 2024.

Comparece ante este foro, el Sr. Ángel L. Martínez Reyes (señor Martínez o "el peticionario"), por derecho propio, mediante auto de *Mandamus*.

Evaluado el recurso presentado, ejercemos la facultad que nos confiere la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII, R. 7 y prescindimos de requerir la comparecencia de la parte recurrida.

Por los fundamentos que se exponen a continuación, **DESESTIMAMOS** el auto de *Mandamus* por falta de jurisdicción.

### I.

El 11 de junio de 2024, el señor Martínez presentó el escrito que intituló *Moción de Mandamus de la Confirmación de las Sentencias y sus sanción[es] y otro[s]*. Según deducimos del recurso, el peticionario solicita que la Junta de Libertad Bajo Palabra, y otras agencias administrativas, tomen conocimiento de la

*Sentencia* emitida por el Tribunal de Primera Instancia, Sala de Bayamón, y actúe conforme a derecho.

No obstante, el escrito incumple sustancial y crasamente con los requisitos reglamentarios de la Regla 55 de nuestro Reglamento para su perfeccionamiento, 4 LPRA Ap. XXII-B, R.55, impidiéndonos asumir jurisdicción y atenderlo. El recurso adolece de serios defectos, entre ellos, no presentó apéndices requeridos con las copias del dictamen del cual recurre, las alegaciones, mociones, así como cualquier otro documento que nos pudiera ser útil para resolver la controversia.

## II.

El auto de *mandamus*, es un recurso altamente privilegiado y discrecional que se expide para ordenar a cualquier persona natural, corporación o a un tribunal de inferior jerarquía que cumpla o ejecute un acto que forma parte de sus deberes y atribuciones. Art. 649 del Código de Enjuiciamiento Civil, 32 LPRA, sec. 3421. "[A]unque es un remedio en ley, participa de la índole de los de equidad." *Rodríguez v. Corte*, 53 DPR 575, 577 (1938). Véanse, además: *Maldonado v. Programa Emergencia de Guerra,* 68 DPR 976 (1948); D. Rivé Rivera, *Recursos Extraordinarios*, 2da ed., San Juan, Programa de Educación Legal Continuada de la Universidad Interamericana de Puerto Rico, Facultad de Derecho, 1996, pág. 111. Por consiguiente, algunos principios rectores de los recursos de equidad, como los que gobiernan el injunction, son aplicables al auto de *mandamus*. D. Rivé Rivera, *op. cit.*, pág. 111.

Este recurso sólo procede para exigir el cumplimiento de un deber impuesto por la ley, es decir de un deber calificado de "ministerial" y que, como tal,

no admite discreción en su ejercicio, sino que es mandatorio e imperativo. *Álvarez de Choudens v. Tribunal Superior*, 103 DPR 235, 242 (1974). Véase, además: D. Rivé Rivera, *op. cit*., pág. 107. El requisito fundamental para expedir el recurso de *mandamus* reside, pues, en la constancia de un deber claramente definido que debe ser ejecutado. *Partido Popular v. Junta de Elecciones*, 62 DPR 745, 749 (1944). Es decir, "la ley no sólo debe autorizar, sino exigir la acción requerida." R. Hernández Colón, *Derecho Procesal Civil*, 6ta ed., San Juan, Ed. LexisNexis de Puerto Rico, 2017, sec. 5803, pág. 605.

Si la ley prescribe y define el deber, será cumplido con tal precisión y certeza que nada deja al ejercicio de la discreción o juicio, el acto es uno ministerial. *Álvarez de Choudens v. Tribunal Superior*, supra, pág. 242; *Rodríguez Carlo v. García Ramírez*, 35 DPR 381, 384 (1926); *Pagán v. Towner*, 35 DPR 1 (1926). Debe tratarse de un mandato específico que la parte demandada tiene que cumplir y que no le permite decidir si cumple o no el acto solicitado. Por consiguiente, los deberes discrecionales quedan fuera del ámbito del recurso de *mandamus*. *Partido Popular v. Junta de Elecciones*, supra. En aquellos casos en los que el deber no surja expresamente de la ley, los tribunales tendrán la función de interpretar el estatuto y emitir su determinación final, conforme a los principios de hermenéutica legal. *Hernández Agosto v. Romero Barceló*, 112 DPR 407, 418 (1982); *Banco de Ponce v. Srio. Hacienda,* 81 DPR 442, 450 (1959).

El auto de *mandamus*, como lo expresa la ley, es uno "altamente privilegiado". Esto significa que su

expedición no se invoca como cuestión de derecho, sino que descansa en la sana discreción del foro judicial. *Ortiz v. Muñoz, Alcalde de Guayama*, 19 DPR 850 (1913). Dicha expedición no procederá "en los casos en que se encuentre un recurso adecuado y eficaz en el curso ordinario de la ley. […]." Art. 651 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3423. Ello es así, "porque el objeto del auto no es reemplazar remedios legales sino suplir la falta de ellos." R. Hernández Colón, *op. cit.,* sec. 5802, pág. 605.

Como parte de los requisitos procesales indefectibles para presentar un recurso de *mandamus*, se ha reconocido que debe existir un requerimiento previo por parte del peticionario hacia el demandado para que éste cumpla con el deber exigido, salvo algunas excepciones. Véase, *Noriega v. Hernández Colón*, 135 DPR 406, 448-449 (1994); *Dávila v. Superintendente de Elecciones*, 82 DPR 264 (1961). Algunas de estas excepciones son:

> 1) cuando aparece que el requerimiento hubiese sido inútil e infructuoso, pues hubiese sido denegado si se hubiera hecho; o 2) cuando el deber que se pretende exigir es uno de carácter público, a diferencia de uno de naturaleza particular, que afecta solamente el derecho del peticionario. (Escolios omitidos). D. Rivé Rivera, *op. cit.*, pág. 125. Véase, entre otros: *Noriega v. Hernández Colón*, supra, págs. 448-449.

El Tribunal de Apelaciones podrá conocer en primera instancia una petición de *mandamus*. Art. 4.006 (d) de la Ley Núm. 201-2003, conocida como la *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003*, 4 LPRA sec. 24y; Regla 55 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 55. Dicha petición se regirá por la reglamentación procesal civil,

por las leyes especiales pertinentes y por las reglas aplicables del Reglamento del Tribunal de Apelaciones. Regla 54 del Reglamento del Tribunal de Apelaciones, *supra*, R. 54. Como parte de los requisitos, la Regla 54 de Procedimiento Civil, 32 LPRA Ap. V R. 54, exige que la petición de *mandamus* sea jurada. En específico, la citada regla dispone que: "[e]l auto de *mandamus*, tanto perentorio como alternativo, podrá obtenerse presentando una solicitud jurada al efecto. […]." Además, nuestro ordenamiento requiere que la parte demandada sea emplazada, a tenor con las disposiciones de las Reglas de Procedimiento Civil y de las leyes pertinentes. Véase la Regla 55 (J) del Reglamento del Tribunal de Apelaciones, supra, R. 55 (J). Sin embargo, cuando se trate de una petición de *mandamus* dirigida a un juez o jueza bastará con que el peticionario le notifique con copia del escrito de *mandamus* en conformidad a lo dispuesto en la Regla 13 (B) de nuestro Reglamento, supra, R. 13 (B). *Íd*. A su vez, deberá notificarles a las demás partes del pleito que originó la petición de *mandamus* y al tribunal en el que se encuentre pendiente. *Íd*.

## III.

En primer lugar, es preciso indicar que el escrito del señor Martínez es de difícil comprensión, pues no explica claramente su petición. Además, carece de un resumen de los hechos pertinentes y de un apéndice que incluya las determinaciones de las que recurriría. Sin embargo, entendemos que la petición de *mandamus* iba dirigida a agencias administrativas para que tomaran conocimiento de la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala de Bayamón.

Sin embargo, luego de evaluar el recurso presentado, resolvemos que este no cumple con los requisitos procesales de un *mandamus*, ni con el Reglamento del Tribunal de Apelaciones. Ello así y siendo doctrina reiterada que las partes deben cumplir con las disposiciones reglamentarias establecidas para la presentación y forma de los recursos y que su incumplimiento puede dar lugar a la desestimación; procede desestimemos el recurso incoado.

**IV.**

Por los fundamentos antes expuestos, **DESESTIMAMOS** el auto de *Mandamus*.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones